CITY OF FORT WORTH ET AL. V. MISS SUZANNE DAVIDSON.

No. 4869. Decided June 25, 1927.
(296 S. W., 288; 298 S. W., 421).

*R. E. Rouer* and *Gillis A. Johnson,* for appellant, cited:

Abbott v. City of Rockland, 73 Atl., 865; Barnes v. City of Waco, 262 S. W., 1018; Burleson v. Village of Reading, 68 N. W., 294; Carincross v. Village of Pewaukee, 56 N. W., 648; Charter, City of Fort Worth (1909), Secs. 1 and 2; City of Austin v. Colgate, 27 S. W., 896; City of Cleveland v. Payne, 74 N. E., 177; City of Columbus v. Ogletree, 22 S. E., 709; City of Dallas v. Jones, 49 S. W., 577; City of Dallas v. Maxwell, 248 S. W., 667; City of Dallas v. Meyers, 55 S. W., 742; City of Fort Worth v. Johnston, 19 S. W., 361; City of Galveston v. Smith, 15 S. W., 589; City of Greenville v. Pitts, 107 S. W., 50, 102 Texas, 1; City of Haskell v. Barker, 134 S. W., 833; City of Portsmouth v. Houseman, 65 S. E., 11; City of San Antonio v. Talerico, 78 S. W., 28; City of Woodward v. Bowder, 149 Pac. 138; Cook v. City of Anamosa, 23 N. W., 907; Corey v. City of Ann Arbor, 96 N. W., 477; Corey v. City of Ann Arbor, 82 N. W., 804; Denver v. Deane, 16 Pac., 30; Dillon on Municipal Corporations, Secs. 103, 390 and 1656; Edwards v. City of Cedar Rapids, 116 N. W., 323; Elliott on Roads and Streets, Sec. 810; Givens v. City of Paris, 24 S. W., 974; Hawkins v.

Mayor, etc., of the City of New York, 66 N. Y. Supp., 623 (54 App. Div., 258); Huyler v. City of New York, 145 N. Y. Supp., 650; Klatt v. City of Milwaukee, 53 Wis., 196, 40 Am. Rep., 759; MacDermid v. City of Seattle, 160 Pac., 290; Monds v. Town of Dunn, 79 S. E., 303; Parrish, Mayor, v. Wright, 293 S. W., 659; Reid v. City of Chicago, 83 Ill. App., 554; Rusher v. City of Dallas, 18 S. W., 333, 83 Texas, 151; Village of Leipsic v. Gerdeman, 67 N. E., 87; White v. City of San Antonio, 60 S. W., 426; White on Negligence of Municipal Corporations, Sec. 67.

The evidence showed Burnett to be only an ordinary policeman, his duties were purely governmental, there being no evidence of any corporate duties having been imposed upon him by statute or ordinance, and there being no evidence of any legal responsibility or negligence on the part of the City of Fort Worth, the trial court erred in not instructing a verdict in favor of the defendant city.

*Coates & Mastin; J. B. Mastin,* and *Cecil Cook,* for appellee.

The defendant City of Fort Worth had actual notice of the obstruction in the street; the motor officer who saw it being charged with duties in regard thereto. City of San Antonio v. Talerico, 78 S. W., 28; City of Fort Worth v. Johnson, 84 Texas, 137, 19 S. W., 361; Klein v. City of Dallas, 71 Texas, 280, 8 S. W., 90; Palestine v. Hassell, 40 S. W., 147; City of Haskell v. Barker, 134 S. W., 833; City of Paducah v. Ivey's Adm'r., 245 S. W., 4; Johnson v. Kansas City, 243 S. W., 265.

Mr. Judge SPEER delivered the opinion of the Commission of Appeals, Section B.

This cause is before us upon certified question from the Court of Civil Appeals for the Second District, as follows:

"In the above numbered and entitled cause, the City of Fort Worth has appealed from a judgment rendered against it in favor of Miss Suzanne Davidson for damages resulting from personal injuries sustained by the plaintiff in a collision with a wagon loaded with lumber left on one of its public streets during a dark night with no lights to warn travelers of the danger of coming in contact with it. The cause of action was based upon alleged negligence of the city in failing to have the obstruction removed from the street or else providing warning lights thereon to prevent collision therewith by persons traveling the street.

"In plaintiff's pleadings, defendant city was charged with constructive knowledge of the presence of the obstruction and also with actual knowledge of it through one of its motorcycle police officers, Q. E. Burnett, whose duty included the patrolling of the street where the obstruction existed, in sufficient time to have avoided the collision either by removing the wagon or installing danger lights thereon.

"The proof showed that Burnett, the motorcycle officer, did discover the presence of the wagon on the street during the afternoon next preceding the night when the accident occurred, and the judgment rendered was based on findings by the jury that the city had actual notice through him of the obstruction, and also constructive notice thereof, and was guilty of negligence in not removing it or protecting the public from coming in contact with it.

"The City of Fort Worth was operating under a charter granted by the Thirty-first Legislature in 1909 and adopted by popular vote, which made the Board of Commissioners of the city its governing body and that body was 'vested with the power and charged with the duty of making all laws or ordinances not inconsistent with the Constitution of this State, touching every object, matter, and subject within the local government instituted by this Act.' * * * Also the power to establish and maintain a police department to be composed of a chief of police and other members of the police department, all of whom were to be appointed by the board, and to prescribe their duties. Upon the trial of the cause no proof was offered of any ordinance or resolution of the Board of Commissioners purporting to make it the duty of any member of the police department to remove such obstruction as the wagon in question from a public street, or to install danger signals thereon as a warning to the public, or to report its presence to any other officer of the city. Nor was there any proof of any penal ordinance of the city making it an offense to leave any such obstruction on a public street. The chief of police testified that the police department had supervision of the use of the public streets of the city, and that he, as the chief of the department, had instructed all policemen that if any obstruction should be found on the street the officer discovering the same should report it to the police sergeant, and if the obstruction should not be removed by the party responsible therefor, to file a case in court against him. Q. E. Burnett, the motorcycle officer, also testified that his duties requried him to file a case against the person who had left the wagon on the street, under the penal ordinance of the city, but that he filed no such

complaint. The testimony of those two officers was objected to by the city, upon the ground that it was hearsay, and involved a conclusion of law, and on the further ground that there was no proof of any ordinance of the city imposing such duties upon the police department, but those objections were overruled by the trial court.

"In Chapter 3 of the special charter of the city, the police department is given certain specific powers and charged with certain specific duties, none of which, however, seem to include the duties testified to by the chief of police and Burnett, referred to above. But counsel for plaintiff in the case and appellee in this court insist that such duties come within the general scope of said charter provisions in connection with the penal statutes of the state.

"The appeal is still pending in this court, and in view of the public importance of the queston and of a difference of opinion among us as to a proper determination of it, we deem it advisable to certify to your Honorable Court whether or not actual notice to the police officer Burnett of the presence of the obstruction on the street as noted above would, as a conclusion of law, be actual notice to the city and binding upon it?"

Cities, like other corporate entities, can only act through agents or representatives. Likewise, they can only receive notice through officers, agents, or representatives. But, the general principle in the law of notice that before notice to an agent or representative will be imputed to his principal, or superior, such notice must have come to the representative at a time when he was engaged in the business of his principal under circumstances imposing upon him the reasonable duty of making known the facts to his superior. Concretely stated, in a case like this, before notice to an individual officer or representative of the city will be considered as notice to the city, such officer or representative of the city at the time he received actual notice of the obstruction in the street, must have been charged with some duty pertaining to the removal of such obstruction. Ordinarily, the matter of keeping in repair the streets of a city is in the hands of the street department with certain officers in control thereof, and for that reason ordinarily a notice of a defect in a street in order to be brought home to the city, must have been given to some representative of the city connected with its department of street control having power to make or cause to be made the needed repairs. This rule is invoked by the city and is not denied by the appellee. No citation of authorities to a proposition thus universally accepted is necessary, but a quotaton from Elliott on Roads and Streets, 4th

Edition, Section 810, very aptly illustrates the general statement of the rule. It is:

"We think that upon principle a city ought not to be charged with actual notice in any case unless the officer or person having the knowledge is in some way charged with the duty of maintaining, repairing, or looking after the streets."

But, the rule as thus stated is decisive of the question before us, and demands that an affirmative answer be given to the question certified. The obstruction of the street in this case is not the ordinary defect calling for repairs by the street department, but consists of a temporary interference with traffic through the presence of an object easily to be removed by anyone. Its abatement requires no skill in construction or repairs, and indeed, involves no such duty. The charter of the City of Fort Worth, which is a public act, of which we take notice, clothes the City of Fort Worth with general police powers of a city and specifically "to prevent and summarily abate and remove nuisances of all kinds and descriptions." Likewise, it declares, under the title "Streets and Sewers" that it shall have the power to prevent incumbrances and to protect the streets from encroachment or injury and to abate and punish any obstructions and encroachments thereof. The obstruction complained of in this case pertains to a matter fittingly within the control and supervision of the police department of the city rather than the street or any other department. At all events, the city appears to have chosen this method of dealing with such matters. So that, the rule of notice to one having authority to act in the premises is complied with in the present case, since Burnett, under the facts certified, and under the charter of the city, did have the authority summarily to abate the obstruction or at least to cause it to be abated. Whatever the immediate means of abating the obstruction, whether by his own physical act or through a notification to the owner of the wagon, under terror of the law, can make no difference. It appears the police department is the instrumentality through which the city has elected to deal with such matters, therefore notice to a member of that department is peculiarly fitting as notice to the city itself. In short, it is in exact keeping with the principle contended for by the city when it insists that notice to be effective should have been given to a member of the street department.

We therefore recommend that the question certified be answered in the affirmative.

The opinion of the Commission of Appeals answering the certified questions is adopted and ordered certified to the Court of Civil Appeals.

*C. M. Cureton,* Chief Justice.

A motion for rehearing, filed by appellant herein, was, by the Supreme Court, referred to the Commission of Appeals, Section B, for its opinion thereon, and was overruled in accordance with the opinion of the Commission as follows:

Mr. Judge SPEER delivered the opinion of the Commission of Appeals.

We think counsel have mistaken the effect of our holding in this case. We have not considered a case against the city based upon the negligence of a police officer. The opinion is not capable of the interpretation that it overrules or questions the long line of decisions holding that a city will not be liable for the negligence of its police officers or other governmental agent.

We recommend that the motion for rehearing be overruled.

October 12, 1927.