**CITY OF TEXARKANA, Texas, Appellant,**

v.

**Amos NARD, Appellee.**

**No. 1213.**

Court of Civil Appeals of Texas, Tyler.

Dec. 21, 1978.

Rehearing Denied Jan. 18, 1979.

Gregory S. Torrance, Asst. City Atty., Texarkana, for appellant.

Errol N. Friedman, Harkness, Friedman & Kusin, Texarkana, for appellee.

MOORE, Justice.

This is a suit under the provisions of the Texas Tort Claims Act[1] for personal injury and property damage as a result of an intersection collision. Amos Nard, plaintiff below, brought suit against the City of Texarkana and Marvin Watson, defendants below, alleging that he suffered personal injuries and property damage as a result of an automobile collision proximately caused by the negligence of Marvin Watson. He further alleged that the City of Texarkana was also guilty of negligence proximately causing the collision in failing to repair a malfunctioning signal light at the intersection where the collision occurred. The City of Texarkana answered with a general denial and a plea of contributory negligence on the part of both Nard and Watson. Further, the City denied liability on the ground that neither of the claimants had given the City notice of their claims within the 60-day period required by the City Charter. Defendant, Marvin Watson, is not a party to this appeal and therefore it will not be necessary to delineate his answer.

After a trial before a jury, the trial court entered judgment on the verdict awarding the plaintiff, Amos Nard, the sum of $32,336.33 against both defendants jointly and severally. After the judgment had been entered, defendant, City of Texarkana, filed a motion for judgment n. o. v. and a motion for new trial. Both motions were overruled, whereupon the City of Texarkana perfected this appeal. As stated, defendant, Marvin Watson, did not appeal.

We affirm.

The record reveals that the collision occurred at the intersection of West 13th and Bowie Streets in the City of Texarkana on April 18, 1977 at approximately 11:10 a. m. Shortly before the collision, appellee, Amos Nard, was proceeding in a westerly direction on West 13th Street. The driver of the other vehicle, Marvin Watson, was proceeding north on Bowie Street. The traffic signal regulating traffic on Bowie Street had burned out and was not working. The traffic light on West 13th Street, however, was in working order and at the time Amos Nard, appellee, approached the intersection it showed a green light, thereby giving him the right-of-way. At about the same time, Marvin Watson, the driver of the other vehicle, having observed that the traffic light was not working, pulled into the intersection and struck the appellee's vehicle on the left-hand side which resulted in personal injuries and property damages made the basis of this suit.

In response to the special issues, the jury found that (1) the City was negligent in failing to repair the traffic light located at 13th and Bowie Streets within a reasonable time after notice was given that the same was malfunctioning, which was a proximate

---

1. Article 6252–19. All statutes are referred to by the article number under which they appear in Vernon's Annotated Texas Civil Statutes.

cause of the accident between Amos Nard and Marvin Watson; (2) defendant Marvin Watson was negligent as to yielding of the right-of-way, which was a proximate cause of the accident in question; (3) Amos Nard was negligent as to his lookout, which was a proximate cause of the collision; (4) that 80% of the total negligence was attributable to the City; 15% attributable to Marvin Watson, and 5% was attributable to appellee, Amos Nard; (5) that the City had "actual notice" at or near the time of the collision that Amos Nard had received an injury as a result of the collision; (6) that at or near the time of the collision the City had "actual notice" that Amos Nard had sustained property damages; and (7) that the sum of $32,924.00 would fairly and reasonably compensate him for his personal injuries. It was stipulated that he sustained property damages in the amount of $1,114.24.

The City does not attack any of the foregoing findings on this appeal, except the findings that the City had "actual notice" of appellee's personal injuries and property damage at or near the time of the collision.

Under the first and second points, the City asserts the court erred in overruling its motion for judgment n. o. v. because it contends there was no evidence to support the jury's finding to Special Issues 5 and 6 that the City had notice of the personal injury and the property damage sustained by appellee as a result of the collision in question. The City argues first that the appellee failed to give written notice of his claim within sixty days in accordance with the provision of the City Charter and secondly, that there is no proof showing that the City had "actual notice" of his personal injury and property damage and therefore he cannot maintain a cause of action pursuant to the provisions of sec. 16 of the Texas Tort Claims Act, supra. In reply, appellee admits that he failed to comply with the 60-day notice required by the City Charter, but insists that there was sufficient evidence of probative force to show that the City had "actual notice" of his injury and damages within six months from the date of the incident and therefore

the notice requirements of sec. 16 of the Texas Tort Claims Act had been satisfied.

Thus, the question to be determined on appeal is whether there is any evidence of probative force to support the jury's findings that the City had "actual notice" of appellee's injury and damages within six months of the date of the collision under the provisions of the Texas Tort Claims Act, sec. 16, providing that where the City has actual notice of injury or damages it is not necessary for the claimant to give notice describing the damages or injury.

Section 13 of the Texas Tort Claims Act provides that, "The provisions of this Act shall be liberally construed to achieve the purposes hereof."

■ In considering the City's "no evidence" points, we, of course, must view the evidence in its most favorable light in support of the jury findings on the issues of notice, considering only the evidence and inferences which support those findings and rejecting the evidence and inferences contrary thereto. *Butler v. Hanson*, 455 S.W.2d 942 (Tex.1970); *Miller v. Riata Cadillac Co.*, 517 S.W.2d 773, 777 (Tex.1974).

■ The record reveals that shortly after the accident, Police Officer George Frei arrived upon the scene after having been directed to do so by the Dispatcher at the City Police Department. He testified that he was a commissioned officer on the police force assigned to the Traffic Section and that his duties and responsibilities included the investigation of automobile collisions and making a report of his findings. He testified that his investigation revealed that the drivers of the automobiles involved in the collision were Amos Nard and Marvin Watson; that the automobile driven by Marvin Watson struck the automobile driven by Amos Nard in the intersection; and that after the Nard vehicle had been struck it spun around and when it came to rest it was facing back in the direction from which it came on West 13th Street. He talked to Mr. Watson at the scene who told him that the light was out on Bowie Street and he testified that he confirmed this fact by ob-

serving that the traffic signal was not in working order in that it gave no signal to motorists approaching the intersection on Bowie Street.

In the meantime, the ambulance operated by the City had arrived and had taken appellee to the hospital. Officer Frei testified that he later went to the hospital and talked to appellee Nard with regard to the accident in order to complete his report of the investigation. After his investigation had been completed he filled out a report on a form titled "Texas Peace Officer's Accident Report," by filling in the blank spaces listed thereon. The report was offered in evidence and he identified the same as the report of the accident in question. The report shows that in addition to filling in the blank spaces listing the names, addresses and the descriptions of the vehicles occupied by each of the participants in the accident, the officer noted thereon that appellee, Amos Nard, had been injured and also noted that the automobile driven by him had been damaged. On June 15, 1977, the City mailed appellee a bill demanding payment for the ambulance service furnished him by the City in transporting him to the hospital.

Police Chief, William H. McGee, after testifying that the records of the Police Department were under his supervision and control, testified that the reports made by the investigating officer are kept in the regular course of business by the Police Department. He identified the report made by Officer Frei as being a part of the business records of the Police Department. He also identified an instrument titled a "Complaint and Control Card" as a part of the business records of the Police Department. In connection with this card, he testified that it was made out by the Dispatcher at the Police Department and showed that the Dispatcher had been notified of a major accident at 13th and Bowie Streets on April 18, 1977, at approximately 11:10 a. m. The Police Chief testified that this report showed that an ambulance had been dispatched to the scene and also showed that a wrecker was sent to tow away a damaged vehicle. He acknowledged

in his testimony that the attorney representing the appellee had visited his office for the purpose of discussing the accident in question, but that he could not remember the date thereof. He further testified that prior to the time appellee's attorney had discussed the accident with him, the City Attorney had come to his office for the purpose of discussing reporting procedures and the accident.

Marvin Watson, the driver of the other vehicle, testified that within a few days after the accident a representative of the City's Public Works Department called on him stating that he was investigating the accident in question and testified that as they discussed the accident, the investigator took down notes on a yellow pad.

The Texas Tort Claims Act, sec. 16, supra, deals with the subject of notice of death or injury and provides as follows:

"Except where there is actual notice on the part of the governmental unit that death has occurred or that the claimant has received some injury or that property of the claimant has been damaged, any person making a claim hereunder shall give notice of the same to the governmental unit against which such claim is made, reasonably describing the damage or injury claimed and the time, manner and place of the incident from which it arose, within six months after the date of the incident. Provided, however, except where there is such actual notice, charter and ordinance provisions of cities requiring notice within a charter period permitted by law are hereby expressly ratified and approved."

The City takes the position that appellee failed to comply with the foregoing notice provisions of the Texas Tort Claims Act because, even if the evidence recited above was sufficient to establish that the employees of the City had actual notice of appellee's injury and damages, there is no proof that the City as a municipal corporation had actual notice of appellee's personal injury and damages. The City seems to argue that in order to comply with the actual

notice provisions of the Texas Tort Claims Act, it must be shown that some officer or other official of the City had actual notice of appellee's injury and damages and that actual notice to a mere employee is not sufficient to subject the municipal corporation to liability. In 39 Tex.Jur.2d (Revised) Municipal Corporations sec. 221, p. 604, we find this statement:

"Inasmuch as a municipal corporation can receive notice only through its officers, agents, or representatives, notice or knowledge of any fact on the part of an officer is imputed to the city where it is received by the officer while on municipal business in circumstances imposing on him the duty of making the fact known to the city."

The case of the *City of Fort Worth v. Davidson*, 117 Tex. 89, 296 S.W. 288 (Tex. Com.App.1927, holding approved) is cited by the foregoing treatise as authority for the above proposition of law. In that case the City of Fort Worth was sued for damages resulting from personal injuries sustained by the plaintiff in a collision with a wagon loaded with lumber which had been left on one of its public streets during a dark night with no light to warn travelers of the dangers of coming in contact with it. The suit was based on the negligence of the City in failing to have the obstruction removed from the street or in failing to provide warning lights. A police officer employed by the City saw the wagon on the street but did nothing about it and failed to report it to his police sergeant or any other official of the City. The following question was certified to the court for a determination, *City of Fort Worth*, supra, 296 S.W. at 289:

" . . . [W]e deem it advisable to certify to your honorable court whether or not actual notice to the police officer, Burnett, of the presence of the obstruction on the street as noted above would, as a conclusion of law, be actual notice to the city, and binding upon it?"

The court held as follows at 289:

"Cities, like other corporate entities, can only act through agents or representatives. Likewise, they can only receive notice through officers, agents, or representatives. But it is the general principle in the law of notice that, before notice of an agent or representative will be imputed to his principal, or superior, such notice must have come to the representative at a time when he was engaged in the business of his principal under circumstances imposing upon him the reasonable duty of making known the facts to his superior. Concretely stated, in a case like this, before notice to an individual officer or representative of the city will be considered as notice to the city, such officer or representative of the city, at the time he received actual notice of the obstruction in the street, must have been charged with some duty pertaining to the removal of such obstruction."

The court went on to hold that the obstruction complained of in this case pertained to a matter fittingly within the control and supervision of the Police Department of the City. The court further pointed out that it appeared that the Police Department was the instrumentality through which the City had elected to deal with such matters, and therefore notice to a member of that department is peculiarly fitting as notice to the City itself.

In *Hexter v. Pratt*, 10 S.W.2d 692, 693 (Tex.Com.App.1928, holding approved), it is stated:

"In common parlance 'actual notice' generally consist in express information of a fact, but in law the term is more comprehensive. In law whatever fairly puts a person on inquiry is sufficient notice, where the means of knowledge are at hand, which if pursued by the proper inquiry the full truth might have been ascertained. Means of knowledge with the duty of using them are in equity equivalent to knowledge itself. Where there is a duty of finding out and knowing, negligent ignorance has the same effect in law as actual knowledge. . . Actual notice is always a question of fact."

Upon applying the foregoing rules of law to the facts in the case before us, we are of

the opinion that there is evidence of probative force to support the jury's finding that the City had actual notice of the appellee's injuries and damages at or near the time of the incident in question and appellee was not required to give the formal notice contemplated by the Act. The undisputed evidence shows that the Police Department was the instrumentality through which the City elected to deal with the investigation of accidents.

It is likewise undisputed that the Investigating Officer Frei was charged with the duty of making investigations of this type and making a report thereof to the City Police Department. The evidence shows without dispute that he carried out his assigned duty, made a report and turned the same over to the Police Department. The report shows that Officer Frei had actual knowledge that the appellee had sustained both personal injuries and damages to his automobile as a result of the accident. This information was placed in the files of the Police Department which were under the direct control and supervision of the Chief of Police. Thus, the report was sufficient to give the Chief of Police actual notice of appellee's injury and damages. At least the means of knowledge of appellee's injury and damages were in the hands of the Police Chief by reason of the report and he could have ascertained the truth of the matter on proper inquiry.

Moreover, the evidence shows that the City sent an investigator to talk with Marvin Watson, one of the participants in the accident. While the evidence does not show that this investigator gained any knowledge of the personal injury or damages of the appellee, the facts and circumstances surrounding the accident were sufficient to put them on inquiry, which if pursued would have revealed the fact that the appellee sustained an injury and damages to his automobile.

The testimony also shows that the City Attorney discussed the accident and reporting procedures with the Chief of Police. Thus the City Attorney having knowledge that the accident occurred as a result of a malfunctioning traffic signal was put on inquiry, and had he pursued the matter he could have ascertained that appellee suffered injuries and damages.

In any event, we think that the fact that Officer Frei had actual notice that the appellee had received injuries and damages must be imputed to the City because such notice came to him as a representative of the City at a time when he was charged with a duty to gather the facts surrounding the accident and make known to the City that injuries and damages were sustained in the collision. *City of Fort Worth v. Davidson,* supra. See also 2 Tex.Jur.2d Agency, secs. 182, 183. Thus actual notice to Police Officer Frei of appellee's injury and damages would, as a matter of law, be actual notice to the City. The first and second points are overruled.

After a review of the entire record and after weighing and balancing all of the evidence relating to the jury's findings that the City had actual notice of appellee's injury and damages, we find that we are unable to agree with the City's contention that the evidence is factually insufficient to support such findings. Accordingly, points three and four are overruled.

Under the fifth and final point the City contends the trial court erred in overruling its objection to the definition of the term "actual notice" given in connection with Special Issues 5 and 6.

In view of our conclusion that actual notice to the Investigating Officer Frei of appellee's injury and damage would, as a conclusion of law, be actual notice to the City and binding upon it, the submission of Special Issues 5 and 6, as well as the definition of "actual notice" submitted in connection therewith, was superfluous and unnecessary. Thus the error, if any, in submitting the definition could not have resulted in any harm to the City, and therefore the fifth point will be overruled in accordance with the mandate of Rule 434, Tex.R.Civ.P.

The judgment of the trial court is affirmed.