Reversed and Dismissed and Memorandum Opinion filed July 10, 2007








Reversed and
Dismissed and Memorandum
Opinion filed July 10, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-01096-CV

____________

 

HARRIS COUNTY, Appellant

 

V.

 

HOLLIE GERBER, Appellee

 



 

On Appeal from the 165th
District Court 

Harris County, Texas

Trial Court Cause No. 2001-65295

 



 

M E M O R A N D U M    O P I N I O N

Harris County appeals the denial of its plea to the
jurisdiction asserting there was no waiver of its governmental immunity under
the Texas Torts Claims Act (ATTCA@).  See Tex. Civ. Prac. & Rem. Code Ann. ' 101.001 et. seq.
(Vernon 2005 & Supp. 2006).  We reverse and dismiss for lack of
jurisdiction.








At approximately 3:30 a.m., after leaving a downtown club
and late night restaurant, Hollie Gerber, appellee, tripped and fell into a
tree planter box located outside the Harris County courthouse.  She brought
suit against Harris County under a premise defect theory, arguing the County
failed to properly maintain the tree planter box and, therefore, the County
created an unreasonably dangerous condition.[1] 
The County entered a plea to the jurisdiction, arguing Gerber failed to plead
sufficient facts to invoke the waiver of immunity found under the TTCA.  The
trial court denied the County=s plea to the jurisdiction.  We have
jurisdiction to hear this interlocutory appeal pursuant to the Texas Civil
Practices and Remedies Code.  Tex. Civ.
Prac. & Rem. Code Ann. ' 51.014(a)(8)
(Vernon Supp. 2006). 

Governmental immunity from suit defeats a trial court=s subject matter
jurisdiction.  Tex. Dep=t of Parks &
Wildlife v. Miranda, 133 S.W.3d 217, 225B26 (Tex. 2004). 
Therefore, governmental immunity is properly asserted in a plea to the
jurisdiction.  Id.  Whether a court has subject‑matter
jurisdiction is a legal question subject to de novo review.  Id. at 226.

A plaintiff must affirmatively demonstrate the court=s jurisdiction by
alleging a valid waiver of immunity.  Dallas Area Rapid Transit v.  Whitley,
104 S.W.3d 540, 542 (Tex. 2003).  To determine if the plaintiff has met this
burden, we look to the facts alleged by the plaintiff and any evidence relevant
to the jurisdictional issue.  County of Cameron v. Brown, 80 S.W.3d 549,
555 (Tex. 2002).  We construe the pleadings in the plaintiff=s favor and look
to the pleader=s intent.  Id.

The State, its agencies, and subdivisions, such as
counties, generally enjoy sovereign immunity from tort liability unless
immunity has been waived.  See Tex.
Civ. Prac. & Rem.Code '' 101.001(3)(A)‑(B), 101.025 (Vernon 2005); Brown, 80 S.W.3d at
554. The TTCA provides a limited waiver of sovereign or governmental immunity,
allowing suits to be brought against governmental units only in certain,
narrowly defined circumstances.  Tex. Dep=t of Criminal
Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001).  The TTCA provides a
limited waiver of governmental immunity, specifically, in three areas: (1) use
of a publicly owned  motorized vehicle; (2) premise defects; and (3) injuries
arising out of conditions or use of tangible personal property.  Tex. Civ. Prac. & Rem.Code Ann. ' 101.021 (Vernon
2005); Miranda, 133 S.W.3d at 225.








If a claim arises from a premise defect, the governmental
unit owes the claimant the same duty that a private person owes to a licensee
on private property; in other words, not to injure a licensee by willful,
wanton or grossly negligent conduct, and to use ordinary care either to warn a
licensee of, or to make reasonably safe, a dangerous condition of which the
owner is aware and the licensee is not.[2] 
See Tex. Civ. Prac. &
Rem.Code Ann. ' 101.022(a) (Vernon Supp. 2006); State
Dep=t of Highways & Pub. Transp. v. Payne, 838 S.W.2d 235,
237 (Tex. 1992).  To establish liability for a premise defect, a licensee must
prove that: (1) a condition of the premises created an unreasonable risk of
harm to the licensee; (2) the owner actually knew of the condition; (3) the
licensee did not actually know of the condition; (4) the owner failed to
exercise ordinary care to protect the licensee from danger; and (5) the owner=s failure was a
proximate cause of injury to the licensee.  Payne, 838 S.W.2d at 237. 
We focus on the element of actual notice.








Counties, like other corporate entities, can only act
through representatives or agents.  See City of Fort Worth v. Davidson,
117 Tex. 89, 296 S.W. 288, 289 (1927) (stating cities and other
corporate entities operate through agents and representatives).  Before notice
to an agent or representative can be imputed to his principal or superior, such
notice must have come to the representative at a time when he was engaged in
the business of his principal, under circumstances imposing upon him the
reasonable duty of making known the facts to his superior.  Id.  In Davidson,
a police officer discovered an obstruction in the street during his afternoon
patrol.  Id. at 288B89.  The following night a car collided
with the obstruction.  Id. at 289.  The court reasoned that before
notice to the officer would be imputed to the city, at the time the officer
received actual notice of the obstruction, he must have been charged with some
duty pertaining to the obstruction=s removal.  Id. 
The court determined the obstruction in the street pertained Ato a matter
fittingly within the control and supervision of the police department,@ that the police
department was the instrumentality through which the City elected to deal with
such matters and, therefore, notice to a member of that department was Apeculiarly fitting@ as notice to the
City itself.  Id. at 290.

In her deposition, Gerber stated she had never tried to
find out if other people had been injured at that location and, she did not
know who was responsible for maintenance of the tree box.  The only other
discussion of notice came from the affidavit of Randy Moore, the designated
representative of the County.  Moore testified that the tree box and the
differing levels and types of surfaces would be noticeable to people walking on
the sidewalk.  When asked what type of County employee would walk by the tree
box on a daily basis, he answered AI would imagine
all the County attorneys.@  When asked for others, he replied AI wouldn=t really know.@  

Gerber argues Moore=s deposition
declaring that County attorneys and agents pass by the tree box daily is enough
to impute actual knowledge of the defect on the County.  We disagree.  Gerber
presented no evidence that the County attorneys are charged with some duty of
premise maintenance for the area surrounding the courthouse, and tree box
maintenance would not fall Afittingly within the control and
supervision@ of the County attorneys.  Nor did she present
evidence of any reports of injuries caused by the tree box at that location, or
if anyone responsible for maintenance had actual knowledge of any defect. 
Thus, Gerber failed to offer even a scintilla of evidence of the County=s actual notice.








Moreover, the actual knowledge required for liability is
knowledge of the dangerous condition at the time of the accident.  City of
Dallas v. Thompson, 210 S.W.3d 601, 603 (Tex. 2006).  Gerber argues that
the erosion of the soil in the tree box would not suddenly occur but would
erode over time.  She contends actual knowledge should be imputed to the County
because the length of time it would take for the soil to erode increases the
number of County employees who had the opportunity to observe the condition. 
Gerber=s analysis is
faulty for three reasons.  First, Gerber presented no evidence that erosion
caused a decrease in the soil level.  The tree box could have been designed and
installed with the soil level below the sidewalk level.  The tree box would
then be considered to have a design defect and, therefore, fall outside the
TTCA.  See Tex. Dep=t of Transp. v.
Ramirez, 74 S.W.3d 864, 867 (Tex. 2002) (quoting State v. Rodriguez,
985 S.W.2d 83, 85 (Tex. 1999)) (stating the A[d]esign of any
public work, such as a roadway, is a discretionary function involving many
policy decisions, and the governmental entity responsible may not be sued for
such decisions.@).  

Second, merely the possibility that a dangerous condition
can develop over time is not enough to impute actual knowledge.  See
Thompson, 210 S.W.3d at 603 (determining the City=s knowledge that a
coverplate developed a protrusion over time, which it needed to inspect and
maintain, did not satisfy the requirement of actual knowledge); State v.
Gonzalez, 82 S.W.3d 322, 330 (Tex. 2002) (holding that evidence the State
knew the traffic signs had been repeatedly vandalized prior to the accident did
not indicate directly, or by reasonable inference, that it had actual knowledge
the signs were down when the accident occurred); CMH Homes, Inc. v. Daenen,
15 S.W.3d 97, 100B02 (Tex. 2000) (holding that the defendant=s knowledge its
stair and platform units periodically became unstable was not evidence of
actual knowledge that a unit had become dangerous when plaintiff was injured). 
Additionally, Gerber presented no evidence that anyone employed by the County
knew erosion might be a problem.  

Third, a logical inference could be made that a single
occurrence of a heavy downpour or street flooding could just as easily have
caused the soil to be washed away.  For example, in Thompson, an expert
testified that the City must have known of the dangerous condition because its
employees were in the vicinity and walking over the coverplate in the hours
prior to Thompson=s fall.  Thompson, 210 S.W.3d at
603.  The Court found that without evidence showing how long the protrusion on
the coverplate had existed, the proximity of the employees was no evidence of
actual knowledge.  Id.  Here, with no evidence showing how long the tree
box soil existed at the level it occupied on the night of the incident, the
proximity of the employees is no evidence of actual knowledge.








Thus, Gerber has failed to invoke the waiver of immunity
found in the TTCA.  Accordingly, we reverse the trial court=s judgment and
dismiss the case for want of jurisdiction.

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed July 10, 2007.

Panel consists of
Chief Justice Hedges and Justices Hudson and Guzman.









[1]  Interrogatories answered by the City of Houston
stated Harris County was responsible for the maintenance of the tree planter
box.





[2]  If a condition is determined to be a special defect,
the duty owed by the governmental unit to a user of the property is the same as
the duty a private landowner owes an invitee.  Tex. Civ. Prac. & Rem. Code Ann. ' 101.022(b) (Vernon Supp. 2006).  It is undisputed
that Gerber=s claim involves a premise defect.