Opinion issued July 19, 2018



In The

# Court of Appeals

For The

## First District of Texas

_____

### NO. 01-17-00919-CV

_____

**TEXAS DEPARTMENT OF TRANSPORTATION, Appellant**

**V.**

**JAMES "RICKY" TARVER, Appellee**

---

**On Appeal from the 152nd District Court**
**Harris County, Texas**
**Trial Court Case No. 2014-65837**

---

## MEMORANDUM OPINION

In this interlocutory appeal, appellant Texas Department of Transportation ("TxDOT") challenges the trial court's order denying its amended plea to the jurisdiction and motions for summary judgment. Appellee James "Ricky" Tarver filed the underlying suit alleging that TxDOT negligently failed to maintain a

streetlight and that the failure caused Tarver's vehicle to collide with a dirt embankment resulting in injury to Tarver. In two issues, TxDOT contends that the trial court erred in denying its amended plea to the jurisdiction and summary judgment motions because (1) Tarver did not provide the pre-suit notice to which TxDOT was entitled and TXDOT lacked actual notice of his claim, and (2) Tarver has failed to establish a claim for which TxDOT's sovereign immunity is waived. We reverse the trial court's judgment and render judgment dismissing Tarver's claim against TxDOT for lack of jurisdiction.

## Background

On December 29, 2011, at approximately 10:00 p.m., Tarver was traveling southbound on FM 95 in Nacogdoches County. As he approached the intersection of FM 95 and State Highway 103, Tarver drove through the intersection and collided with a dirt embankment, causing him to sustain serious injuries.

Officer John Henley with the Texas Department of Public Safety responded to the scene of the accident and conducted an investigation. In his crash report. Officer Henley provided the following narrative opinion of what happened:

> Unit 1 was south bound on FM 95. Unit 1 disregarded stop sign. Unit 1 crossed over SH 103 and struck a dirt embankment. Unit 1 came to final position upright facing south. Investigator noted there was heavy fog at the time of crash. Driver advised they could not see the stop sign until the last second. Investigator also noted the street light that lit up the intersection was burned out.

2

Tarver filed his original petition against several defendants, including the State of Texas, in Angelina County in March 2013.[1] On August 5, 2013, Tarver filed his first amended petition and served the amended pleading on the Secretary of State on September 12, 2013. The case was transferred by agreement of the parties to Nacogdoches County and later transferred to the Multidistrict Litigation pretrial court.[2]

On January 29, 2015, TxDOT filed its plea to the jurisdiction. On April 8, 2016, TxDOT filed a combined first amended plea to the jurisdiction and traditional and no-evidence motions for summary judgment, seeking dismissal of Tarver's claim against it. In its plea, TxDOT alleged that Tarver failed to provide the notice required by the Texas Tort Claims Act (the "TTCA") until twenty months after the accident, and that TxDOT lacked actual notice of Tarver's claim prior to being served with his first amended petition. TxDOT also asserted that Tarver's allegations failed to state a claim for which the State's immunity under the TTCA is waived.

---

[1] The other named defendants, G.M.C. Corporation a/k/a Motor Liquidation Corporation, Memorial Health Systems of the State of Texas, and Huntington State Bank, are not parties to this appeal.

[2] Pursuant to Texas Rule of Judicial Administration Rule 13, this case was transferred in conjunction with General Motors tag-along multi-district litigation proceedings.

Tarver sought a continuance and the trial court reset the hearing on TxDOT's first amended plea to the jurisdiction and motions for summary judgment to allow the parties to conduct discovery. Following a hearing, the trial court denied TxDOT's plea and motions on November 11, 2017. This interlocutory appeal followed.

**Standard of Review**

Whether a court has subject matter jurisdiction is a question of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of the action. *See Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). The standard of review of an order granting or denying a plea to the jurisdiction based on governmental immunity is de novo. *See Tex. Nat. Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex. 2002). Generally, the standard mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c). *Miranda*, 133 S.W.3d at 228.

It is the plaintiff's burden to allege facts that affirmatively establish the trial court's subject matter jurisdiction. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). In determining whether the plaintiff has met this burden, we look to the allegations in the plaintiff's pleadings, accept them as true, and construe them in favor of the plaintiff. *See Miranda*, 133 S.W.3d at 226. While

4

we must construe the allegations in favor of the plaintiff, we are not bound by legal conclusions. *City of Pasadena v. Kuhn*, 260 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2008, no pet.).

## Texas Tort Claims Act

Sovereign immunity and its counterpart for political subdivisions of the State, governmental immunity, exist to protect the State and its political subdivisions from lawsuits and liability for money damages. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008); *see also Reata Constr. Corp. v. City of Dall.*, 197 S.W.3d 371, 374 (Tex. 2006).[3] The State, its agencies, and subdivisions generally enjoy sovereign immunity from tort liability unless immunity has been waived. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001(3)(A)–(B) (West Supp. 2017), 101.025 (West Supp. 2017); *Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 611 (Tex. 2000). The TTCA, which provides a limited waiver of sovereign immunity for tort claims against governmental units, expressly waives sovereign immunity in three general areas when the statutory requirements are met: (1) use of publicly owned automobiles; (2) injuries arising out of a condition or use of tangible

---

[3]     "Governmental immunity is comprised of immunity from both suit and liability." *City of Dall. v. Albert*, 354 S.W.3d 368, 373 (Tex. 2011). "Immunity from liability protects entities from judgments while immunity from suit deprives courts of jurisdiction over suits against entities unless the Legislature has expressly consented." *Id.*

5

personal property; and (3) premises defects.  *Sampson v. Univ. of Tex. at Austin*, 500

S.W.3d 380, 384 (Tex. 2016).

As a prerequisite to maintaining suit against a governmental unit, the TTCA

requires timely notice to the governmental entity of a claim.  *See* TEX. CIV. PRAC. &

REM. CODE ANN. § 101.101 (West 2011).  Section 101.101 of the Act provides, in

pertinent part:

> (a) A governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred.  The notice must reasonably describe:
>
>> (1) the damage or injury claimed;
>>
>> (2) the time and place of the incident; and
>>
>> (3) the incident.
>>
>> . . . .
>
> (c) The notice requirements provided or ratified and approved by Subsections (a) and (b) do not apply if the governmental unit has actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged.

*Id.*  "The provision of notice is a jurisdictional requirement in all suits against a

governmental unit."  *City of Dall. v. Carbajal*, 324 S.W.3d 537, 537–38 (Tex. 2010)

(per curiam); *see also* TEX. GOV'T CODE ANN. § 311.034 (West 2013).  Because a

lack of notice is jurisdictional, it is a proper basis on which to grant a plea to the

jurisdiction, and a governmental unit has a statutory right of interlocutory appeal if

6

the plea fails. *Univ. of Tex. Sw. Med. Ctr. at Dall. v. Arancibia*, 324 S.W.3d 544, 547 (Tex. 2010).

**Analysis**

In its first issue, TxDOT contends that Tarver's claim is barred because Tarver failed to provide TxDOT with formal pre-suit notice of his claim as required by section 101.101. It further argues that Tarver cannot rely on the actual notice exception under subsection 101.101(c) because TxDOT had no subjective awareness of its fault, as alleged by Tarver, in producing or contributing to the claimed injury.

As noted above, section 101.101 provides that "[a] governmental unit is entitled to receive notice of a claim against it" within six months of the incident giving rise to the claim. TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a). However, formal notice of the claim is not required if the governmental unit has actual notice that the claimant has received some injury. *Id.* § 101.101(c). A governmental unit has actual notice if it has knowledge of (1) the injury; (2) the identity of the parties involved; and (3) actual, subjective awareness of its alleged fault in the matter. *See Carbajal*, 324 S.W.3d at 538–39. Mere notice that an incident has occurred does not establish actual notice for purposes of the Act, nor may a governmental unit acquire actual notice merely by conducting an investigation. *See Tex. Dep't of Criminal Justice v. Simons*, 140 S.W.3d 338, 347 (Tex. 2004).

7

The record reflects that Tarver's accident occurred on December 29, 2011. TxDOT contends, as it did in its plea, that no claim was made directly, or forwarded, to TxDOT in the six months following the accident, and that it had no subjective awareness of its alleged fault in producing or contributing to the claimed injury. In support of its contention, TxDOT attached to its plea the affidavit of Laura Joy, Claims Director of the Worker's Compensation, Tort, and Liability Section of TxDOT's Occupational Safety Division. Joy averred, in relevant part, as follows:

> This Division receives all claims submitted against the Texas Department of Transportation as all such claims are procedurally forwarded to this office for review and adjustment. A thorough search of all records of claims was conducted by this office and no correspondence or communication was found relating to the accident made the basis of this suit, alleged to have occurred on December 29, 2011 until service of Plaintiff's First Amended Petition was made on the Texas Department of Transportation by serving the Texas Secretary of State o[n] September 12, 2013. Prior to service of the citation, TxDOT had no notice that an incident had occurred as alleged in Plaintiff's First Amended Original Petition, and accordingly had no reason to conduct an investigation, render a report, or obtain any information pertaining to the facts of the incident and TxDOT's potential fault.

Tarver does not dispute that he did not provide formal notice of his claim to TxDOT. Rather, he argues that TxDOT had actual notice of his claim under subsection 101.101(c) because DPS Officer Henley's knowledge could be imputed to TxDOT. Tarver asserts that the officer's report—which noted that Tarver sustained injuries, that his property was damaged, and that "the light that lit up the intersection was burned out"—establishes that TxDOT "through its representative,

8

had subjective awareness of Tarver's injuries and damages and the State of Texas' potential liability." In support of his argument, Tarver relies on the deposition testimony of TxDOT Traffic Systems Supervisor Coy Dittsworth. Dittsworth testified that (1) DPS reports are generated in the ordinary course of business; (2) TxDOT and DPS are departments of the State of Texas; (3) and TxDOT and DPS are both part of the executive branch of the State of Texas and are defended by the Attorney General's office against claims brought against them under the TTCA.

Actual notice may be imputed to a governmental unit when an agent or representative of the unit who has a duty to gather facts and report receives notice of an incident. *See Green v. City of Hous.*, No. 01-14-00808-CV, 2015 WL 1967582, at *2 (Tex. App.—Houston [1st Dist.] Apr. 30, 2015, no pet.) (mem. op.); *Guadalupe Blanco River Auth. v. Schneider*, 392 S.W.3d 321, 325 (Tex. App.—San Antonio 2012, no pet.); *City of Wichita Falls v. Jenkins*, 307 S.W.3d 854, 858 (Tex. App.—Fort Worth 2010, pet. denied). However, knowledge or notice to employees, officers, or agents of one unit of a state government does not impute actual notice to another separate governmental unit under section 101.101(c). *Reese v. Tex. State Dep't of Highways & Pub. Transp.*, 831 S.W.2d 529, 530 (Tex. App.—Tyler 1992, writ denied) (holding that notice to Texas Department of Public Safety could not be imputed to Texas State Department of Highways and Public Transportation); *see also Green*, 2015 WL 1967582, at *2 (concluding that notice to federal government

9

unit could not imputed to city); *City of Hous. v. McGowen*, No. 14–13–00415–CV, 2014 WL 2039856, at *6 (Tex. App.—Houston [14th Dist.] May 15, 2014, no pet.) (mem. op.) (holding that notice to Texas Department of Transportation not imputed to City of Houston).

Tarver cites *City of Forth Worth v. Davidson*, 296 S.W. 288 (Tex. 1927) and *City of Texarkana v. Nard*, 575 S.W.2d 648 (Tex. Civ. App.—Tyler 1978, writ ref'd n.r.e.), in support of his argument that TxDOT had actual notice of his claim. Those cases, however, are distinguishable from the case before us. In *Davidson*, the court held that a police officer's knowledge of a street obstruction that resulted in a collision injuring the plaintiff was imputed to the City because the police officer, as a representative of the City, was charged with the duty to investigate the collision and to inform the City of the obstruction. *See Davidson*, 296 S.W. at 289 ("[B]efore notice to an individual officer or representative of the city will be considered as notice to the city, such officer or representative of the city, at the time he received actual notice of the obstruction in the street, must have been charged with some duty pertaining to the removal of such obstruction."). Similarly, in *Nard*, the court held that a police officer's actual notice that the plaintiff had received injuries and damages "must be imputed to the City because such notice came to him as a representative of the City at a time when he was charged with a duty to gather the facts surrounding the accident and make known to the City that injuries and damages

were sustained in the collision." *See Nard*, 575 S.W.2d at 653. Here, in contrast, Dittsworth testified that TxDOT and DPS are different state entities and that TxDOT is not automatically notified of the content of DPS reports. Because Tarver did not adduce evidence showing that DPS is an agent or representative of TxDOT, he did not demonstrate actual notice that can be imputed to TxDOT. *See Arancibia*, 324 S.W.3d at 548–49; *Simons*, 140 S.W.3d at 344, 348; *Green*, 2015 WL 1967582, at *2 ("Absent evidence of an affiliation, notice to one governmental unit does not impute notice to another."). Accordingly, the trial court erred in denying TxDOT's amended plea. We therefore sustain TxDOT's first issue.[4]

---

[4]    In light of our disposition, we need not address TxDOT's second issue arguing that Tarver failed to establish a claim for which TxDOT's sovereign immunity is waived. *See* TEX. R. APP. P. 47.1.

11

## Conclusion

We hold that Tarver did not adduce evidence that TxDOT was notified of his claim under the TTCA and thus failed to meet the jurisdictional prerequisite for a waiver of governmental immunity. We reverse the trial court's order denying TxDOT's combined amended plea to the jurisdiction and motions for summary judgment and render judgment dismissing Tarver's claim against TxDOT for lack of jurisdiction.

Russell Lloyd
Justice

Panel consists of Chief Justice Radack and Justices Jennings and Lloyd.