

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00969-CV

Stephanie **LOY**,
Appellant

v.

**CITY OF ALICE, TEXAS**,
Appellee

From the 79th Judicial District Court, Jim Wells County, Texas
Trial Court No. 17-08-57524-CV
Honorable Richard C. Terrell, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:        Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Irene Rios, Justice

Delivered and Filed: August 7, 2019

REVERSED AND REMANDED

Stephanie Loy appeals an order granting the City of Alice's plea to the jurisdiction and dismissing her gross negligence suit against the City. Because Loy produced evidence raising a fact issue as to whether the City created the dangerous condition, which permits a reasonable inference that the City had subjective awareness of the dangerous condition, we reverse the trial court's order and remand for further proceedings.

## PROCEDURAL BACKGROUND

After being injured while jogging at Veteran's Park Plaza in the City of Alice, Loy sued the City. She alleged her "foot got caught on a severed metal post that was sticking up approximately two (2) inches from the ground. As a result, [she] fell to the ground and shattered her left elbow." Loy alleged "the severed metal post was partially camouflaged by leaves, dirt and grass." She further alleged the City created the dangerous condition, and was grossly negligent by failing to remove the metal post despite its actual knowledge of the dangerous condition.

The City filed a plea to the jurisdiction, seeking dismissal of Loy's suit for want of jurisdiction. The sole basis for the plea was whether "the City had actual knowledge or awareness of the alleged unique and dangerous property condition." The City produced affidavits from three employees, stating they and other employees were unaware of the severed metal post. Loy responded with the deposition testimony of two of those employees, as well as with photos of the severed metal post and similar metal posts in the park that had not been severed. The trial court heard and then granted the City's plea. Loy timely appealed.

## STANDARD OF REVIEW

We review a trial court's ruling on a plea to the jurisdiction de novo. *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 384 (Tex. 2016). If the plea to the jurisdiction challenges the pleadings, we liberally construe the pleadings to determine if the plaintiff "has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). When, as here, the plea to the jurisdiction challenges the existence of jurisdictional facts that implicate the merits, "we consider relevant evidence submitted by the parties to determine if a fact issue exists." *Suarez v. City of Tex. City*, 465 S.W.3d 623, 632-33 (Tex. 2015). "We take as true all evidence favorable to the nonmovant, indulge every reasonable inference, and resolve any doubts in the nonmovant's favor." *Id.* at 633.

"If the evidence creates a fact question regarding jurisdiction, the plea must be denied pending resolution of the fact issue by the fact finder." *Id.* If, however, a governmental entity conclusively establishes facts negating the trial court's jurisdiction, "the plea to the jurisdiction must be granted as a matter of law." *Id.*

### WAIVER OF IMMUNITY

Generally, a city has governmental immunity from suit, which defeats a trial court's subject matter jurisdiction unless the Legislature has waived immunity for the suit. *See id.* at 632. Loy alleged the Legislature waived the City's governmental immunity under the Texas Tort Claims Act (TTCA). The TTCA waives immunity for "personal injury . . . caused by a condition or use of . . . real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE § 101.021(2). The TTCA waives immunity only "to the extent of liability created by [the TTCA]." *Id.* § 101.025(a). When, as here, the recreational use statute applies, the plaintiff must show "gross negligence, malicious intent, or bad faith." *Id.* § 75.002(d); *Suarez*, 465 S.W.3d at 632.

Loy alleged only gross negligence. Under the recreational use statute, gross negligence has two elements:

> (1) viewed objectively from the standpoint of the actor at the time of its occurrence, the act or omission involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

> (2) the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

*Id.* at 633. The City did not challenge the first element in the trial court. The City challenged only part of the second element, whether it had actual knowledge of the dangerous condition.[1] We will

---

[1] In its appellee's brief, the City argues the objective element of gross negligence—an extreme risk of harm—was not satisfied. However, the plea did not challenge this element. The plea assumed Loy had satisfied this element, stating, "[E]ven if there is some evidence of an extreme risk considering both the probability and magnitude of the harm . . . ."

therefore accept as true Loy's allegation that leaving a severed metal post in the park involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Applying our standard of review, we must consider whether the City conclusively established it lacked subjective awareness, or actual knowledge, of the dangerous condition. *See id.*

**A. The City did not establish it lacked actual knowledge of the dangerous condition.**

Loy alleged the City had actual knowledge of the dangerous condition because it created the dangerous condition. "[T]he government will have actual knowledge of [a dangerous condition] if it created the condition." *Harris County v. Eaton*, 573 S.W.2d 177, 179 (Tex. 1978); *Keetch v. Kroger Co.*, 845 S.W.2d 262, 265 (Tex. 1992) ("The fact that the owner or occupier of a premises created a condition that posed an unreasonable risk of harm may support an inference of knowledge."); *see Capital Metro. Transp. Auth. v. Bartel*, No. 03-98-00372-CV, 1999 WL 176058, at *5 (Tex. App.—Austin Apr. 1, 1999, no pet.) ("[T]he supreme court has noted that if the defendant created the dangerous condition, knowledge of its existence can be inferred."). The government can therefore be liable by "creating a condition that a recreational user would not reasonably expect to encounter on the property in the course of the permitted use." *State v. Shumake*, 199 S.W.3d 279, 288 (Tex. 2006).

Because Loy's allegation that the City created the dangerous condition permits an inference that the City had actual knowledge of the dangerous condition, the burden shifted to the City to "meet the traditional summary judgment standard of proof." *See City of San Antonio v. Peralta*, 476 S.W.3d 653, 656 (Tex. App.—San Antonio 2015, no pet.). To meet this standard of proof as

---

Although a challenge to the trial court's subject matter jurisdiction may be raised for the first time on appeal, the record does not affirmatively demonstrate Loy would be unable to plead and prove the trial court's jurisdiction if she had a full and fair opportunity to amend her pleadings and fully develop the record as to this issue. *See Rusk State Hosp. v. Black*, 392 S.W.3d 88, 96 (Tex. 2012). We therefore do not dismiss Loy's suit on this issue, as raised for the first time in this appeal. *See id.*

to Loy's allegation, the City had the burden to produce evidence conclusively establishing it did not create the condition. *See id.* The City's employees' affidavits, although from interested witnesses, can satisfy the traditional summary judgment standard "if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." TEX. R. CIV. P. 166a(c); *accord Peralta*, 476 S.W.3d at 656 (citing to Rule 166a(c) in discussing the summary judgment standard).

None of the City's three affidavits positively and directly asserted that the City did not create the dangerous condition. The affidavit of Yolanda Bueno, the former parks director, stated she had no knowledge about the post before or after it was modified. The affidavit of Joshua Flores, the City's Community Development Director, similarly expressed a lack of knowledge about the post. This lack of personal knowledge is not positive evidence showing the City did not create the dangerous condition by modifying or severing the post. The affidavit of Javier Benavides, the current superintendent of the City's parks department, stated he became aware of the post after Loy's injury. He stated he could not recall whether any employee had ever modified a post in the past, and stated he and his staff did not know how "it" came to be in "the condition" it was in. A failure to recall is not positive evidence establishing the City did not create the dangerous condition, and this testimony is unclear as to what exactly Benavides was referring to and what "condition" "it" was in. *See Peralta*, 476 S.W.3d at 656.

Loy alleged the City created the dangerous condition, and none of the affidavits from the City's employees clearly, positively, and directly assert the City did not create the dangerous condition. The City therefore failed to meet its burden to conclusively negate Loy's allegation that the City created the dangerous condition and thus had actual knowledge of the dangerous condition. Accordingly, the City has not established that the trial court lacked subject matter jurisdiction and was required to dismiss Loy's suit for want of jurisdiction. *See id.*

**B. Alternatively, the evidence raises a fact issue that the City had actual knowledge of the dangerous condition involving an extreme degree of risk.**

Even if the evidence the City produced affirmatively negated that it did not create the dangerous condition, the burden would have shifted back to Loy to produce evidence raising a fact issue. *See id.* Loy produced deposition testimony from Bueno, the former parks director, and Benavides, the current parks superintendent. Bueno testified the responsibility falls on park employees to alter or modify the metal posts located in the parks. Bueno also agreed "a reasonable conclusion is . . . that [the removal of the posts] was done by the City." Benavides testified he never encountered a problem with the general public removing park posts without authorization, and he could think of no reason why anyone other than a "parks and rec" employee would sever such a post. Benavides also agreed it is "fair to conclude that to the extent any of these were posts, have been removed, it was done by the City of Alice parks and rec folks."

The parties dispute whether the deposition testimony of Bueno and Benavides is competent evidence. Loy argues the evidence constitutes an admission that the City created the dangerous condition. The City asserts this testimony is "speculative and conclusory" and does not attribute sufficient knowledge to the City. Generally, testimony that is conclusory and speculative is not competent evidence, but a party's testimonial declarations that are contrary to its position are considered quasi-admissions. *Villarreal v. Guerra*, 446 S.W.3d 404, 412 (Tex. App.—San Antonio 2014, pet. denied) (citing *Mendoza v. Fid. & Guar. Ins. Underwriters, Inc.*, 606 S.W.2d 692, 694 (Tex. 1980)). Testimonial quasi-admissions constitute some evidence of probative force as to the underlying factual disputes between the parties. *See id.* In the trial court, the City's current parks superintendent and a former parks director deliberately, clearly, and unequivocally agreed under oath "a reasonable conclusion is . . . that [the removal of the posts] was done by the City" and it is "fair to conclude that to the extent any of these were posts, have been removed, it was

done by the City of Alice parks and rec folks." This testimony is evidence of probative force showing the metal post in the park was more than likely severed by the City. *See id.*

Although the City asserts its employees' sworn testimony is "speculative and conclusory," a factfinder could believe these witnesses' testimony, which shows it is more likely than not that a City parks employee acting in the course of their employment, and not some person in the park committing a criminal act as the City suggests, severed the metal post. *Cf. Hancock v. Variyam*, 400 S.W.3d 59, 70–71 (Tex. 2013) (holding a factfinder may reasonably draw an inference if the inference is more probable than others). This testimony is further supported by evidence of underlying facts, such as the Parks Department never having had an issue with the general public going into parks and removing metal posts and "parks and rec" employees being responsible for altering or modifying the metal posts in the City's parks. Considering the evidence in its entirety, we cannot say the testimony of the parks current superintendent, Benavides, and the former parks director, Bueno, is speculative or conclusory. *See id.*

The City also asserts this evidence only permits an inference that some "random City employee" or a "generic, hypothetical employee" severed the metal post, and notice of any resulting dangerous condition could not be considered as notice to the City. "[B]efore notice to an [employee] will be considered as notice to the city, such [employee], at the time he received actual notice of the [condition], must have been charged with some duty pertaining to the [condition]." *City of Fort Worth v. Davidson*, 296 S.W. 288, 289 (Tex. Comm'n App. 1927). In *Davidson*, the dangerous condition was a road obstruction discovered by a police officer. *Id.* Even without direct evidence that the particular officer had the duty to remove the specific obstruction, the court held a factfinder could reasonably infer the officer had "some duty pertaining to the removal of such obstruction" because the dangerous condition "pertain[ed] to a matter fittingly within the control and supervision of the police department of the city rather than the street or any other department."

*Id.* at 290. Conversely, in *Harris County v. Gerber*, the court distinguished *Davidson* and held a county employee's knowledge was not imputed to the county when the plaintiff tripped over a "tree box" by the courthouse, and no evidence established "who was responsible for maintenance of the tree box" on the sidewalk. No. 14-06-01096-CV (Tex. App.—Houston [14th Dist.] July 10, 2007, pet. denied) (mem op.). The court rejected the plaintiff's reliance on evidence that county attorneys who worked at the courthouse knew about the dangerous condition because no evidence showed the county attorneys had any responsibility for maintaining tree boxes on the sidewalk outside of the courthouse. *Id.*

This is not a case, as the City argues, where the evidence shows some "random City employee" or a "generic, hypothetical employee" came into the park without any authorization or direction and severed the metal post. This case is therefore unlike *Gerber*, which the City cites, where county attorneys could have had knowledge of the dangerous condition, but were not responsible for maintaining the area outside of the courthouse. We conclude the facts of this case fall under *Davidson*. If Bueno's and Benavides's testimony is true, and it is more likely than not that the removal of the "posts . . . was done by the City of Alice parks and rec folk," which includes "maintenance" employees, then under *Davidson*, the parks employee's knowledge could be imputed to the City because the dangerous condition in the park "pertain[ed] to a matter fittingly within the control and supervision of the [parks] department." *See* 296 S.W. at 289–90. Consequently, under *Davidson*, the knowledge of "parks and rec" employees is imputed to the City. *See id.*

Even if the City produced evidence conclusively negating Loy's allegation that it created the dangerous condition, we hold, alternatively, that Loy produced evidence raising a fact issue as to whether the City created the dangerous condition. Because the City's plea very narrowly challenges only the actual knowledge component of gross negligence, Loy's only burden was to

produce evidence raising a fact issue that a City employee with responsibility for maintaining the parks created the dangerous condition. *See id.* Because the evidence Loy produced raises a fact issue that a "parks and rec" employee severed the metal post, then the evidence shows the City "created the dangerous condition" and "knowledge of its existence can be inferred." *See Capital Metro. Transp. Auth.*, 1999 WL 176058, at *5 (citing *Eaton*, 573 S.W.2d at 179–80).[2]

## CONCLUSION

Having concluded the City failed to satisfy its burden to conclusively negate its actual knowledge of the alleged dangerous condition and, alternatively, that Loy raised a fact issue as to actual knowledge, the only issue the City raised in its plea, we reverse the trial court's order of dismissal, and remand this case for further proceedings.

Luz Elena D. Chapa, Justice

---

[2] In a separate issue, Loy contends the dangerous condition was not open and obvious. As we read the City's plea, the "open and obvious" issue was not actually raised. It appears the City's purpose of including statements about having no duty to warn of open and obvious conditions was to explain the applicability of the supreme court's decision in *Suarez*, which did not address whether the dangerous condition was open and obvious because the court concluded the City had no actual knowledge of the dangerous condition. *See Suarez*, 465 S.W.3d at 633. However, the City's plea did not challenge, and appellee's brief does not argue, the severed metal post was open and obvious. Loy also alleged the severed metal post stuck up only two inches from the ground and "was partially camouflaged by leaves, dirt and grass," and she produced photos supporting these allegations and showing the severed metal post was not open and obvious.