Robert COLLIER, Appellant,

v.

CITY OF TEXAS CITY, Texas, Appellee.

No. B2315.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

April 9, 1980.

Hartley Hampton, Michael W. Perrin, Fisher, Roch & Gallagher, Houston, for appellant.

Ervin A. Apffel, Jr., Michael B. Hughes, Rex N. Leach, McLeod, Alexander, Powell & Apffel, Galveston, for appellee.

Before COULSON, SALAZAR and JUNELL, JJ.

JUNELL, Justice.

Robert Collier, appellant, appeals from a summary judgment rendered in favor of the City of Texas City, Texas. Collier, formerly a Texas City employee, was injured in the scope of his employment and brought a common law action in negligence against the City upon being informed that it carried no worker's compensation coverage. The City moved for summary judgment on the ground that Collier had failed to comply with the notice provisions of the Texas Tort Claims Act, Tex.Rev.Civ.Stat.Ann. art. 6252–19 § 16 (Vernon Supp.1980), and of its own city charter. The court granted the City's motion and Collier appeals claiming that, although no formal written notice was given, the City had sufficient actual notice to satisfy the statutory requirements. We reverse and remand.

The following facts were brought before the court at the hearing on the motion for summary judgment. Collier was employed as a mechanic in May, 1974, when he was called to free a compactor that was stuck in the Texas City landfill. While he was operating the winch truck, Collier was thrown against the inside of the vehicle when a connecting "eye" broke causing the truck to jolt. Present at the landfill site, and witnesses to the accident, were several co-workers, the City Landfill Supervisor and George Stapleton, the City Public Works Director. Collier stated in his deposition that he had informed Stapleton that the available equipment was of an injury to his arm. The Landfill Supervisor made an oral

report of the incident and stated that procedures required Collier to file a written report. Collier immediately began missing work to receive medical treatment and finally Stapleton told him to go home after he had worked light jobs for several days. The City has paid for his medical treatment including physical therapy, medication and two operations on his shoulder. Collier testified that the injury is related to an impaired tendon but that the doctors do not really know what is wrong. In its response to the appellant's request for admissions, the City admitted that it had actual knowledge, within thirty days, that Collier had been injured on or about May 21, 1974, while working to free a bulldozer which was stuck in the Texas City landfill.

The burden on a movant for summary judgment is to show that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. Tex.R.Civ.P. 166–A; *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex.1970). Appellee's motion for summary judgment addressed only the issue of proper notice, stating that appellant had not complied with the notice provisions of the Texas City charter or the Texas Tort Claims Act. We hold that the summary judgment proof before the court at the time of the hearing on the motion did raise genuine issues of the material fact of notice; therefore, summary judgment was improper.

The notice provision of the Tort Claims Act provides:

"Except where there is actual notice on the part of the governmental unit that death has occurred or that the claimant has received some injury, or that property of the claimant has been damaged, any person making a claim hereunder shall give notice of the same to the governmental unit against which such claim is made, reasonably describing the damage or injury claimed and the time, manner and place of the incident from which it arose, within six months from the date of the incident. Provided, however, except where there is such actual notice, charter and ordinance provisions of cities requir-

ing notice within a charter period permitted by law are hereby expressly ratified and approved." Tex.Rev.Civ.Stat.Ann. art. 6252–19 § 16 (Vernon Supp.1980).

The appellant in this case has never alleged formal notice, only that Texas City had *actual notice of the incident* sufficient to satisfy the statutory requirements. The actual notice exception to the Act has been interpreted to mean that knowledge which the governmental unit would have had if the claimant had complied with the formal notice requirement. *Bell v. Dallas-Fort Worth Regional Airport Bd.*, 427 F.Supp. 927 (N.D.Tex.1977). Thus, by some means, the City must have received information reasonably describing the injury and the time, manner and place of the incident from which it arose. In *City of Texarkana v. Nard*, 575 S.W.2d 648 (Tex.Civ.App.—Tyler 1978, writ ref'd n. r. e.), the court held that knowledge by the investigating police officer of an auto accident and injury in an intersection where traffic signals were malfunctioning satisfied the notice requirement of the Tort Claims Act. In *City of Denton v. Mathes*, 528 S.W.2d 625 (Tex.Civ.App.— Fort Worth 1975, writ ref'd n. r. e.), the court held that no formal notice was required when the City had knowledge of the injury through an accident report filed by an officer who witnessed the accident and of its probable culpability.

The evidence before the trial court in this case went far beyond the knowledge held sufficient in the cited cases. The facts show that the Director of Public Works, in whose area of responsibility the entire operation fell, actually witnessed the accident; thus, the time, manner and place requirements are met. Collier's testimony that he told Stapleton of the inadequate machinery indicates that Stapleton had notice of the City's possible culpability, although the statute does not require such knowledge. Stapleton knew of Collier's injury. We do not interpret the notice provision as requiring a claimant to describe in full medical detail the nature and extent of his injury. Stapleton and other city officials knew the injury was serious because Collier missed

work, could not perform regular duties and incurred medical bills which the City paid. We hold that such knowledge is imputed to the City, and that these facts constitute overwhelming evidence that the City had such actual notice as is required by the Tort Claims Act.

Whether the actual notice provision is viewed as a defense in avoidance of limitation, as the *Bell* case held, upon the non-movant's proof that such actual notice existed, a fact issue is present which precludes the rendition of summary judgment.

Summary judgment reversed, and the cause is remanded for trial on the merits.