**Francisco KAMANI and Joy Kamani, Appellants,**

v.

**PORT OF HOUSTON AUTHORITY, Appellee.**

No. B14–85–746–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 15, 1987.

See also, 702 F.2d 612.

Robert D. Rapp, Houston, for appellants.

Jack McKinley, Houston, for appellee.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

OPINION

PAUL PRESSLER, Justice.

The jury returned a take nothing judgment against the plaintiffs below who had sued appellee and others for personal injuries sustained by appellant Francisco Kamani. We affirm.

On December 23, 1979, while working as a longshoreman aboard the S.S. TINOS, appellant Francisco Kamani slipped on an oily spot on the floor of the hold of the vessel while trying to move away from a descending crane. Kamani and his wife brought suit for personal injuries against Cycladis Maritime Co., Ltd. (Cycladis), Rodian Shipping, Ltd. (Rodian Shipping) and the Port of Houston Authority (appellee). Prior to trial, appellants settled with Cycladis and Rodian Shipping and signed a Release and Hold Harmless Agreement. Those defendants then assigned appellants any and all causes of action for indemnity

and/or contribution against appellee. The jury found that appellee, the sole remaining defendant, did not have actual knowledge that appellant had an accident and sustained an injury. The remaining special issues were unanswered as they were conditioned on an answer of "We do" to Special Issue No. 1. Based on this answer, the trial court entered a take nothing judgment against appellants. It is from this judgment that appellants appeal.

In their first point of error, appellants contend the trial court erred in refusing to allow appellants to proceed against appellee on the assigned claim for indemnity and contribution.

Appellee maintains that the claim is governed by the then Texas Tort Claims Act, ch. 50, § 2, 1973 Tex.Gen.Laws, Local and Spec. 77, *repealed by* Acts of January 8, 1985, ch. 959, § 9, 1985 Tex.Gen.Laws 7218, 7218–19, and that proper notice was not received as required by the Act.

Appellants, however, contend the Act does not apply to the indemnity and contribution claim. Thus, they contend, notice is irrelevant since it is an independent claim through the stevedore's implied warranty of workmanlike service to the shipowner. This argument is not persuasive.

■ The conditions on board the vessel that allegedly caused appellant's injury were not the fault of appellee or the stevedore unloading the cargo. Therefore, the shipowner had no right of indemnity and/or contribution against appellee, and there was no claim to be assigned. In addition, the 1972 amendments to the Longshoremen's and Harbor Workers' Compensation Act eliminated a stevedore's liability to the shipowner for unworkmanlike service resulting in injury to a longshoreman. *See* 33 U.S.C.A. §§ 901–950 (1978), and *Edmonds v. Compagnie Generale Transatlantique*, 443 U.S. 256, 263, 99 S.Ct. 2753, 2757, 61 L.Ed.2d 521 (1979). Appellants' claim based on an implied warranty fails. The only other possible claim by appellants is under the Texas Tort Claims Act.

■ Section 16 of that statute was the notice provision in effect at the time appellants' suit was filed and provides as follows:

Except where there is actual notice on the part of the governmental unit that ... the claimant has received some injury ..., any person making a claim hereunder shall give notice of the same to the governmental unit against which such claim is made, reasonably describing the ... injury claimed and the time, manner and place of the incident from which it arose, within six months from the date of the incident.

Appellee had no notice of appellants' claim within the required time. The first point of error is overruled.

■ In their second point of error, appellants allege that the trial court erred in refusing to submit appellants' requested special issue as to whether the appellee failed to perform stevedoring services in a workmanlike manner. Appellants claim appellee was the stevedore at the time of the accident because it provided the crane and crane operator to unload cargo from the ship. The record does not support this claim. Appellants' petition alleged that Southern Stevedores was the stevedore employing appellant. Additionally, the key factor in identifying the stevedore for purposes of imposing an implied warranty of workmanlike service against it is the determination of who has control of the unloading operation on the vessel. *See Maritime Overseas Corp. v. Northeast Petroleum Industries, Inc.*, 706 F.2d 349 (1st Cir. 1983). The record shows that Southern Stevedores, not appellee, maintained control over the unloading operations. There is no evidence that the crane was operated negligently or in an unworkmanlike manner. Appellants' second point of error is overruled.

In point of error three, appellants contend the trial court erred in submitting appellee's Special Issue No. 1 because the issue implied that actual notice must be in

writing and such is not necessarily required by the statute.

The issue asked as follows:

Do you find from a preponderance of the evidence that the Port of Houston had actual knowledge that Francisco Kamani had an accident and sustained an injury?

Actual notice is that knowledge which describes an injury and time, manner and place of incident from which it arose within six months from date of incident.

Appellants claim the word "describes" implies that notice must be in writing.

The actual notice exception to the Act means that knowledge which the governmental unit would have had if the claimant had complied with the formal notice requirement. *Collier v. City of Texas City*, 598 S.W.2d 356, 358 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ) (cite omitted). The appellee, therefore, must have received "information reasonably describing the injury and the time, manner and place of the incident from which it arose." *Id.* This special issue accurately communicated the meaning of the notice provision in the Texas Tort Claims Act. The third point of error is overruled.

In the fourth point of error, appellants contend that the trial court erred in admitting a prior unsigned statement of appellant into evidence over objection without the proper predicate's being laid. It was also alleged to be hearsay.

The trial court admitted an unsigned statement allegedly made by appellant at the office of the insurance adjuster after the accident. The statement was the transcript of a conversation between Kamani and the insurance adjuster that was recorded with Kamani's consent.

The statement was admissible as an admission by party-opponent under Tex.R. Evid. 801(e)(2)(A). The fourth point of error is overruled.

Appellee's cross points of error that appellants' actions are barred by limitations will not be considered because of our affirmance on the other points of error.

The judgment of the trial court is affirmed.