COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CITY OF EL PASO/ ELIZABETH HERNANDEZ AND LUCIA HERNANDEZ, | § | No. 08-09-00149-CV |
| | § | |
| | | Appeal from the |
| Appellant/Cross-Appellants, | § | |
| | | 34th Judicial District Court |
| v. | § | |
| | | of El Paso County, Texas |
| | § | |
| ELIZABETH HERNANDEZ AND LUCIA HERNANDEZ/ THE CITY OF EL PASO , | | (TC# 2008-3886) |
| | § | |
| | § | |
| | § | |
| Appellees/Cross-Appellee. | | |

**O P I N I O N**

This is a double appeal from the trial court's order granting in part, and denying in part the City of El Paso's (the "City") plea to the jurisdiction. The City challenged the trial court's jurisdiction on the basis that the plaintiffs, Elizabeth and Lucia Hernandez, failed to comply with the Texas Tort Claims Act's pre-suit notice requirements, and that the petition failed to state a claim within the Act's waiver of sovereign immunity. The trial court granted the plea expressly on the basis that the Hernandezes' failed to provide the City with notice, but specifically denied the City's alternative argument, and dismissed the case with prejudice. Both parties appeal.

On October 17, 2006, at approximately 7 p.m., Elizabeth Hernandez and two friends were walking toward Bel Air High School on Yarbrough Road in El Paso to watch a volleyball game. The girls crossed the street at the school cross-walk, but because it was after school hours the school zone lights at the crossing were not active. Two cars approached the cross-walk on southbound Yarbrough. The car in the left, south-bound lane stopped for Ms. Hernandez and her

friends to cross, but the car in the right, south-bound lane passed the stopped car and struck Ms. Hernandez.

The impact propelled Ms. Hernandez into the vehicle's windshield, and then she fell to the street unconscious. She was rushed to Thomason Hospital where she was treated for injuries to her head, face, nose, teeth, right arm and elbow, her right hand, both shoulders, both legs, both knees, her waist, and her back. She remained in the hospital until October 22, and has undergone at least two surgical procedures to repair the damage to her right arm. She was not able to return to school until February 2007, and was forced to delay her graduation from high school.

On October 10, 2008, Ms. Hernandez and her mother, Lucia Hernandez, filed suit against the driver of the car and the City of El Paso for negligence.[1] The Original Petition included allegations of negligence against the City for misuse of the safety lights at the school crossing, for failing to activate the lights for a school sports function, and for permitting a dangerous condition on the real property at the school. The City's answer included a plea to the jurisdiction, in which it argued the trial court was deprived of subject-matter jurisdiction over the suit: (1) due to the Hernandezes' failure to comply with statutory pre-suit notice requirements; and (2) because the Hernandezes' petition did not allege facts which demonstrated a waiver of sovereign immunity. In an amended answer and plea, the City reasserted its notice and sovereign immunity jurisdictional arguments, and added several special exceptions to the Hernandezes' negligence allegations. The Hernandezes responded to the City's plea, and amended the petition to include additional allegations regarding jurisdiction. There was no evidence attached or

---

[1] The Hernandezes subsequently settled with the driver who struck Ms. Hernandez. That individual is not a party to this appeal.

included in either document.

The City filed a supplemental brief in support of its plea, and attached several exhibits including:

Exhibit A:    An affidavit by Ms. Norma Castillo, the Secretary to the Mayor of the City of El Paso, in which she avers that the mayor's office did not receive a Notice of Claim letter from the Hernandezes.

Exhibit B:    The "Texas Peace Officer's Crash Report" generated by the officers who responded to the accident.

Exhibit C:    Photographs of the Yarbrough cross-walk and nearby intersection.

Exhibit D:    An affidavit by Mr. Ted Marquez, the Assistant City Engineer for the City of El Paso, in which he states that the City's municipal code regarding school zones requires school zone and school crossing safety equipment to be active forty-five minutes before the opening of first class, and will shut down thirty minutes after the end of the last class of the day.

Exhibit E:    An affidavit by Mr. Daryl Cole, the Director of the City's Streets Department. Mr. Cole's affidavit also stated the operation schedule for safety devices in school zones, and stated that his department had not received any complaints regarding the Yarbrough and Bel Air High School zone devices between August 1, 2006 and December 1, 2006.

The trial court held a hearing on the City's plea on February 18, 2009. The City put on the same evidence described above, while the Hernandezes argued the allegations contained in the petition fell within the parameters of a sovereign immunity waiver under the Texas Tort Claims Act (TTCA). On the issue of pre-suit notice, the Hernandezes argued that the City had actual knowledge of the incident and Ms. Hernandez's injuries through the responding police officers' investigation and reports. The Hernandezes offered no evidence at the hearing.

The trial court entered written order dismissing the case with prejudice on May 7, 2009. The court's order specifies that the plea was granted based on the Hernandezes' "failure to comply with the pre-suit notice of claims under the [TTCA]." The Court's order also specifically denied the City's plea on the basis that the Hernandezes failed to state a claim under the TTCA. Both parties filed notices of appeal on May 26, 2009. In its Appellant's brief, the City raises a single issue challenging the trial court's denial of its plea based on the doctrine of governmental immunity due to the Hernandezes' alleged failure to state a TTCA claim. In their Appellant's brief, the Hernandezes raise two issues: (1) challenging the trial court's decision to grant the City's plea on pre-suit notice grounds; and (2) arguing that they have met their burden to plead a claim within the TTCA's waiver of sovereign immunity. Finally, in its response to the Hernandezes' brief, the City contends the Hernandezes have not plead a claim which falls within the TTCA. For ease of reference, we will conduct our analysis by issue beginning with the question of the Hernandezes' compliance with the TTCA's pre-suit notice requirements.

A plea to the jurisdiction based on governmental immunity is a challenge to the trial court's subject-matter jurisdiction. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007). Because such a challenge presents a question of law, we review a court's ruling on a plea to the jurisdiction *de novo*. *Holland*, 221 S.W.3d at 642. The pleadings are the central focus of such a review, and they will be construed in the plaintiff's favor, with an eye toward the pleader's intent. *See Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We will consider the pleadings, and any evidence relevant to the jurisdictional issue presented, without regard to the merits of the case itself. *Miranda*, 133 S.W.3d at 226. Our primary inquiry is whether the plaintiff's pleadings allege facts sufficient to demonstrate that jurisdiction exists.

-4-

*Holland*, 221 S.W.3d at 642-43.

Absent the unit's consent, governmental immunity deprives a trial court of subject-matter jurisdiction over suits against the State, and certain governmental entities. *Miranda*, 133 S.W.3d at 224. The Texas Tort Claims Act (TTCA) provides a limited waiver of governmental immunity, under which a governmental unit's immunity from suit exists side-by-side with its immunity from liability. *Id*. at 224-25; *see* TEX.CIV.PRAC.&REM.CODE ANN. §§ 101.001-101.109 (Vernon 2011). As the standard of review reflects, it is the plaintiff's burden to demonstrate a waiver of governmental liability provided by the TTCA. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). To determine whether the plaintiff has met its burden, we consider the facts alleged in the petition, and to the extent it is relevant to the jurisdictional question presented, evidence submitted by the parties. *Id*.

In addition to demonstrating a factual basis for a waiver of governmental immunity, the TTCA also requires a plaintiff to provide pre-suit notice of a claim. *See* TEX.CIV.PRAC.&REM. CODE ANN. § 101.101. The notice provision states:

(a)    A governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred. The notice must reasonably describe:

(1)    the damage or injury claimed;

(2)    the time and place of the incident; and

(3)    the incident.

.          .          .

(c)    The notice requirements provided or ratified and approved by Subsections (a) and (b) do not apply if the governmental unit has actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged.

TEX.CIV.PRAC.&REM.CODE ANN. § 101.101(a), (c). Failure to give notice deprives the trial court of jurisdiction, and the trial court must dismiss the case. *See Crane County v. Saults*, 101 S.W.3d 764, 768 (Tex.App.--El Paso 2003, no pet.). However, under Section 101.101(c), the notice requirement does not apply if the governmental unit has "actual notice" of the death, injury, or property damage claimed. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 101.101(c). Still, mere notice that an incident has occurred it not sufficient to establish "actual notice." *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). "Actual notice," for TTCA purposes is established by the governmental entity's: (1) knowledge of a death injury, or property damage; (2) subjective awareness that its fault produced or contributed to the claimed injury; and (3) knowledge of the identity of the parties involved. *Tex. Dept. of Criminal Justice v. Simons*, 140 S.W.3d 338, 344-47 (Tex. 2004), *citing Cathey*, 900 S.W.2d at 341. Although actual notice can be a fact issue when evidence is in dispute, it is generally a question of law. *Simons*, 140 S.W.3d at 348.

In both its original and amended pleas to the jurisdiction, the City raised the Hernandezes' failure to comply with the TTCA's pre-suit notice requirement as grounds for dismissal of the case for lack of subject-matter jurisdiction. In both filings, the City alleged that the first notice, statutory or otherwise, that it received regarding the incident was on October 15, 2008, when it was served with the Hernandezes original petition in this suit. In the pleadings, and in response to the City's plea, the Hernandezes relied on TTCA Section 101.101(c), the "actual notice" exception to the TTCA's statutory notice requirement. The Hernandezes rely on the court's duty to interpret the pleadings in the favor of jurisdiction, and have not presented, or cited this Court to any evidence in support of their averment that the City had "actual notice" of the incidence within six months of its date.

While the pleadings are the central focus of a jurisdictional inquiry, in some instances evidence may be required to determine jurisdictional facts. *Holland*, 221 S.W.3d at 643, *citing Miranda*, 133 S.W.3d at 227; *Bland Ind. School Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). When the evidence related to jurisdictional facts raises a fact issue regarding the court's authority over a case, the plea should not be granted. *Holland*, 122 S.W.3d at 643. However, if the evidence or pleadings negate jurisdiction, the plea must be granted as the court is without authority to take any other action. *See id*.

There is no dispute that the Hernandezes failed to comply with Section 101.101(a). We are left to determine whether the Hernandezes' pleadings contain allegations which are sufficient to raise a fact issue regarding the City's actual notice of the incident. In the Original Petition, under the heading "Jurisdiction and Venue," the Hernandezes alleged simply that the City, "had notice of the incident of October 17, 2006 and that [Ms. Hernandez] suffered some injury in accordance with § 101.101(c), Tex.Civ.Prac.&Rem.Code." Following the City's Original Answer, including its original plea to the jurisdiction, and the City's amended plea, the Hernandezes filed a response to the jurisdictional challenge and a First Amended Petition. In the response to the City's plea, the Hernandezes rely on the actual notice allegation in the Original Petition, and conclude that because the plaintiff's pleadings must be construed in favor of the pleader, the notice requirements had been met. Immediately thereafter, the Hernandezes amended the Original Petition, expanding on the allegation quoted above with the following language:

> [The City] had notice of the incident of October 17, 2006 and that [Ms. Hernandez] suffered some injury in accordance with § 101.101(c), Tex.Civ.Prac.&Rem.Code. Notice to [the City] includes, but is not limited to, the

information related to police officers at the scene of the incident by witnesses as well as the officers' observations and investigations.

Even construed liberally, there is no indication from these allegations that the City had actual subjective awareness that its action or inaction contributed to the injury. The allegations are also completely unsupported by evidence. The Hernandezes' singular allegation that the City had notice of the incident because El Paso Police Department officers were at the scene following the incident, and that those officers collected evidence and observed the situation does not amount to the type of notice of fault contemplated by subsections (a) of Section 101.101, and does not meet the Hernandezes' burden to establish the City had "actual notice" for jurisdictional purposes. *See Simons*, 140 S.W.3d at 347-48. Because lack of notice is a jurisdictional defect, the trial court properly granted the City's plea on this ground. Accordingly, the Hernandezes' sole issue is overruled, and the City's issue is sustained based on the claimant's failure to provide pre-suit notice. Because the City's first argument is dispositive of the case, there is no need to address the City's alternative basis for dismissal. The Hernandezes' second issue is overruled.

Having sustained the City's issue on the question of pre-suit notice, and having overruled the Hernandezes Issue One, on the same basis, we affirm the trial court's judgment.


April 20, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, J., and Bramblett, Judge
Bramblett, Judge (Sitting by Assignment)