

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
| ALMA ROJAS and ELDA VERA, | | No. 08-11-00179-CV |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 205th District Court |
| | § | |
| THE COUNTY OF EL PASO, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC # 2004-611) |
| | § | |

## **O P I N I O N**

Alma Rojas and Elda Vera sued the County of El Paso for injuries and damages sustained in a motor vehicle accident. According to Appellants, the accident was proximately caused by the County's failure to repair and/or replace a stop sign at the intersection where the accident occurred. The County filed a plea to the jurisdiction asserting that the trial court lacked subject-matter jurisdiction because Appellants failed to provide the County with the required notice under the Texas Tort Claims Act. After a hearing, the trial court granted the plea and dismissed the suit for want of jurisdiction. In a single issue, Appellants argue that the trial court erred in granting the plea because the County had actual notice sufficient to satisfy the requirements under Texas Civil Practice and Remedies Code Section 101.101(c). For the reasons that follow, we affirm.

## FACTUAL SUMMARY

On February 26, 2002, Appellants were involved in a traffic accident at the intersection of Las Casitas and Marvin in El Paso County, Texas. The accident was investigated by Deputy David Brady of the El Paso County Sheriff's Office. According to Deputy Brady's report, Rojas was driving southbound on Las Casitas with Vera as a passenger. Rojas had the right-of-way at the intersection of Las Casitas and Marvin, and she proceeded through the intersection. A second vehicle was traveling westbound on Marvin. The driver of this second vehicle failed to yield the right-of-way at the intersection "due to the stop sign on Marvin being knocked down." The driver of the second vehicle saw Rojas and attempted to stop, but he was unable to do so and Rojas's vehicle struck the right side of the second vehicle's gas tank. The collision caused the vehicles to "bounce off each other." The second vehicle then traveled off the roadway and hit a rock wall. Deputy Brady's report included a note that Appellants had been taken to Thomason Hospital by Life Ambulance.

Approximately two years later, on February 9, 2004, Appellants filed suit against the driver of the second vehicle, the City of El Paso, and the County of El Paso.[1] With respect to the County, Appellants alleged negligence based on a failure to repair and/or replace the stop sign at the intersection of Las Casitas and Marvin. The County filed a plea to the jurisdiction contending that Appellant's failure to provide written notice deprived the trial court of jurisdiction under the Tort Claims Act. In support of its plea, the County submitted Deputy Brady's accident report along with an affidavit by Sergeant Michael Peters, the El Paso County Sheriff's custodian of records. According to Peters' affidavit, Deputy Brady was an employee or representative of the El Paso County Sheriff's Office, his report was kept by El Paso County

---

[1] The City of El Paso was subsequently non-suited. The County of El Paso is the only one of the original three defendants who is party to this appeal.

Sheriff's Office in the regular course of business, Deputy Brady had knowledge of the act or event recorded in the report, and that the report was made at or near the time of the accident, or reasonably soon thereafter.

The County also attached affidavits from the Administrative Assistant/Legal Secretary for the Civil Division of El Paso County Attorney's office and Ruth Sutherland, the executive assistant for the County Judge of El Paso County. The County legal secretary's affidavit provided that, as part of her duties, she receives and enters all claims and lawsuits filed against the County. She described this process further by explaining that, upon receiving a claim or petition, she enters the following information into a database called "Access": (1) the date the claim or petition is received; (2) the type of litigation; (3) a brief synopsis of the case; and (4) the attorney and staff to assist in the claim or litigation. She averred that on June 5, 2003, the County received a claim from Rojas regarding the accident and the day the claim was received, she created a file in the Access database and entered all relevant information. She also stated that after reviewing the Access database and all files, the first documentation the County had with respect to Vera's claims was the Appellants' original petition filed on February 9, 2004.

The County Judge's assistant stated in her affidavit that as part of her responsibilities, she receives and records all claims against the County of El Paso. Once she receives a claim, she forwards it to the County Judge and "thereafter forward[s] the claims to the El Paso County Attorney's Office." Sutherland never received a written claim and/or notice letter from either of the Appellants or their attorneys.

On April 20, 2011, the trial court held a hearing on the County's plea. The parties stipulated that the only issue to be decided was whether the County received actual notice as statutorily required. The trial court issued an order granting the plea and this appeal follows.

## PLEA TO THE JURISDICTION

Appellants present a single issue arguing that the trial court erred in granting the plea because the County had actual notice of a claim against it.

### *Standard of Review*

A plea to the jurisdiction is a dilatory plea whereby a party challenges a trial court's power to adjudicate the subject-matter of the controversy. *Bland Independent School District v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The purpose of a plea to the jurisdiction is to "defeat a cause of action without regard to whether the claims asserted have [any] merit." *Bland Independent. School District*, 34 S.W.3d at 554; *City of Dallas v. Carbajal*, 324 S.W.3d 537, 538 (Tex. 2010); *Texas Department of Transportation v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999)(per curiam); *Texas Department of Transportation v. Arzate*, 159 S.W.3d 188, 190 (Tex.App.--El Paso 2004, no pet.). Subject matter jurisdiction is essential to a court's authority to decide a case. *Bland ISD*, 34 S.W.3d at 553-54; *Texas Association of Business v. Texas Air Control Board*, 852 S.W.2d 440, 443 (Tex. 1993). A court cannot enter a valid judgment if it lacks subject matter jurisdiction. *Dubai Petroleum Company v. Kazi*, 12 S.W.3d 71, 74-75 (Tex. 2000); *see also Texas Association of Business*, 852 S.W.2d at 446 (acknowledging that if a court lacks subject matter jurisdiction it has no choice but to dismiss the case); *City of Desoto v. White*, 288 S.W.3d 389, 393 (Tex. 2009)(noting that the failure of a jurisdictional requirement deprives a court of the power to hear the action).

Whether a court has subject matter jurisdiction is a question of law. *State v. Holland*, 221 S.W.3d 639, 643 (Tex. 2007); *Texas Department of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Accordingly, we review a trial court's ruling on a plea to the jurisdiction *de novo*. *Holland*, 221 S.W.3d at 642; *Miranda*, 133 S.W.3d at 226. In conducting our review,

we consider only the pleadings and evidence that is relevant to the jurisdictional issue, and avoid considering evidence that goes to the merits of the case. *Bland ISD*, 34 S.W.3d at 555. When performing our review of a trial court's ruling on a plea to the jurisdiction, we construe the pleadings liberally in favor of conferring jurisdiction. *Texas Department of Transportation v. Ramirez*, 74 S.W.3d 864, 867 (Tex. 2002).

In a plea to the jurisdiction, a defendant may challenge either the plaintiffs' pleadings or the existence of jurisdictional facts. *Miranda*, 133 S.W.3d at 226. If a plea challenges the existence of jurisdictional facts, we consider relevant evidence when necessary to resolve the jurisdictional issues raised, as the trial court is required to do. *Holland*, 221 S.W.3d at 643 (Tex. 2007); *Miranda*, 133 S.W.3d at 226; *Bland ISD*, 34 S.W.3d at 555. In most cases, the trial court should limit its consideration of evidence to only that which is relevant to the jurisdictional issue and avoid considering evidence that goes to the merits. *Bland ISD*, 34 S.W.3d at 555. However, in some cases jurisdiction involves the merits. *Miranda*, 133 S.W.3d at 227. In such circumstances, the trial court must review the evidence to determine if there is a fact issue. *Id.* If the evidence raises a fact issue regarding jurisdiction, the trial court cannot grant the plea and the trier of fact must resolve the issue. *Id.* If the relevant evidence is undisputed or if there is no fact question on the jurisdictional issue, the trial court should grant the plea as a matter of law. *Id.*

### *Pre-Suit Notice Requirements of the Texas Tort Claims Act*

Appellants sued the County under the Texas Tort Claims Act. They were required to abide by the Act's pre-suit notice requirements as articulated in the Texas Civil Practice and Remedies Code. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 101.101(West 2011). "The purpose of the notice requirement is to ensure prompt reporting of claims in order to enable governmental units to gather information necessary to guard against unfounded claims, settle claims, and

prepare for trial." *Texas Department of Criminal Justice v. Simons*, 140 S.W.3d 338, 344 (Tex. 2004), *quoting Cathey v. Booth*, 900 S.W.2d 339, 340-41 (Tex. 1995)(per curiam); *see also City of Dallas v. Carbajal*, 324 S.W.3d 537, 538 (Tex. 2010). These notice requirements are jurisdictional in nature and apply to all suits against a governmental unit. *Colquitt v. Brazoria County*, 324 S.W.3d 539, 543 (Tex. 2010); *City of El Paso v. Hernandez*, 342 S.W.3d 154, 158 (Tex.App.--El Paso 2011, no pet.); *see Carbajal*, 324 S.W.3d at 538, *citing* TEX.GOV'T CODE ANN. § 311.034.

Section 101.101(a) provides that a governmental unit is entitled to written notice of a claim against it not later than six months after the day that the incident giving rise to the claim occurred. TEX.CIV.PRAC.&REM.CODE ANN. § 101.101(a). It must reasonably describe: (1) the damage or injury claimed; (2) the time and place of the incident; and (3) the incident. TEX.CIV.PRAC.&REM.CODE ANN. § 101.101(a). However, subsection (c) provides an exception to the formal written notice requirement when a governmental unit has actual notice. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 101.101(c). Specifically, subsection (c) provides that subsection (a) "[does] not apply if the governmental unit has ***actual notice*** that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged." [Emphasis added]. TEX.CIV.PRAC.&REM.CODE ANN. § 101.101(c).

It is undisputed that Appellants did not provide the County with formal, written notice required by subsection (a). Instead, Appellants argue that notice was excused by the actual notice exception in subsection (c). They rely on Deputy Brady's accident report and contend that because Deputy Brady is an employee and/or representative of the County and he personally investigated the accident and prepared a report in accordance with that investigation, the County had actual notice. Therefore, we must determine whether Appellants pleadings (along with any

relevant evidence) contain allegations sufficient to raise a fact issue regarding the County's actual notice of the incident.

The Texas Supreme Court has analyzed the notice provisions found under Section 101.101(a) and (c) and held that actual notice to a governmental unit under subsection (c):

> [R]equires knowledge of (1) a death, injury, or property damage; (2) the governmental unit's alleged fault producing or contributing to the death, injury, or property damage; and (3) the identity of the parties involved.

*Cathey*, 900 S.W.2d at 341. Almost ten years later in *Simons*, the Texas Supreme Court clarified the second requirement above by stating:

> What we intended in *Cathey* by the second requirement for actual notice was that a governmental unit have knowledge that amounts to the same notice to which it is entitled by section 101.101(a).

*Simons*, 140 S.W.3d at 347. The court went on to explain that this requirement, "includes subjective awareness of its fault, as ultimately alleged by the claimant, in producing or contributing to the claimed injury." *Id.*; *see also Carbajal*, 324 S.W.3d at 537 (recognizing that actual knowledge/notice includes subjective awareness by the governmental unit that its fault produced or contributed to the claimed injury.). "Subjective" means based on an individual's perceptions, feelings, or intentions as opposed to externally verifiable phenomena. *City of Dallas v. Carbajal*, 278 S.W.3d 802, 804 (Tex.App.--Dallas 2008), *rev'd on other grounds*, 324 S.W.3d 537 (Tex. 2010). Subjective awareness is required because if a governmental entity is not aware of its fault, it does not have the same incentive to gather the information the statute is designed to provide. *Simons*, 140 S.W.3d at 348; *Brazoria County v. Colquitt*, 282 S.W.3d 582, 587 (Tex.App.--Houston [14th Dist.] 2009), *rev'd on other grounds*, 324 S.W.3d 539 (Tex. 2010).

*Actual Notice*

Appellants allege that Deputy Brady's accident report was sufficient to provide actual notice because it contained the date, time, and location of the accident; identified Appellants; and specified that Appellants suffered personal injuries and property damages in the accident. It is true that the report named the parties and described the accident, including a statement that the vehicle which collided with Appellants "did not stop due to the stop sign on Marvin being knocked down." The report noted that the following charges were filed against the driver of the second vehicle, (1) failure to yield the right of way in an open intersection; (2) no liability insurance. Finally, with respect to personal injuries and property damage, the report contains a note that, in Deputy Brady's opinion, the accident resulted in at least $500 damage to a person's property and stated that Appellants were taken to Thomason Hospital by "Life Ambulance." Although the police report contains a checked box regarding property damage and states that Appellants were taken to the hospital by ambulance, there is no other mention of Appellants' injuries.

"[I]t is not enough that a governmental unit investigated an incident or should have known from the investigation that it might have been at fault." *Sipes v. City of Grapevine*, 146 S.W.3d 273, 284 (Tex.App.--Fort Worth 2004), *rev'd in part on other grounds*, 195 S.W.3d 689 (Tex. 2006), *citing Simons*, 140 S.W.3d at 348; *see also Carbajal*, 324 S.W.3d at 538 (noting that "merely investigating an accident is insufficient to provide actual notice."). "Instead, the governmental unit must have subjective awareness of its fault to trigger the actual notice requirement." *Sipes*, 146 S.W.3d at 284, *citing Simons*, 140 S.W.3d at 348. When the evidence is disputed, actual knowledge is a fact question, however, in many circumstances actual notice can be determined as a question of law. *Simons*, 140 S.W.3d at 348; *City of El Paso v.*

*Hernandez*, 342 S.W.3d 154, 159 (Tex.App.--El Paso 2011, no pet.); *Housing Authority of City of Beaumont v. Landrio*, 269 S.W.3d 735, 742 (Tex.App.--Beaumont 2008, pet. denied).

In *Sipes*, the Fort Worth Court of Appeals dealt with a similar situation in which a police accident report stated the time and place of the accident, a description of the accident reciting the road conditions as "obstructed view construction zone", and provided that a plaintiff was taken by ambulance to a hospital. *Sipes*, 146 S.W.3d at 284. The court concluded that "as a matter of law, [plaintiff] failed to comply with the [TTCA's] notice requirements because there is no evidence the City had subjective awareness that its fault produced or contributed to [plaintiff's] injuries." *Id.* Similarly, while the report here contains certain information required of formal written notice, there is no evidence of the County's subjective awareness that it was at fault for Appellants' injuries. *See Simons*, 140 S.W.3d at 348 (noting that subjective awareness is required because a governmental entity does not have the same incentive to investigate a matter if it is not subjectively aware of its fault or liability).

Appellants rely heavily on *City of Texarkana v. Nard*, 575 S.W.2d 648 (Tex.Civ.App.--Tyler 1978, writ ref'd n.r.e.). There, the Tyler Court of Appeals ruled that the City of Texarkana had actual notice of an automobile accident caused, in part, by a malfunctioning traffic signal light. *Nard*, 575 S.W.2d at 653. The court looked to the following factors in making its determination that the City had actual notice: (1) a city police officer interviewed both drivers involved in the accident and prepared an investigation report; (2) the city's ambulance service mailed a bill to the appellee demanding payment for transportation to the hospital from the accident scene; (3) the Chief of Police testified that the City Attorney had come to his office "for the purpose of discussing reporting procedures and the accident"; (4) the appellee's attorney discussed the matter with the Police Chief; (5) the second driver in the accident testified that

within days of the incident a representative from the city's Public Works Department contacted him and stated that they were investigating the incident; and (6) the city's Public Works Department did in fact conduct its own investigation. *Id*. at 650-51. Appellants ignore the multitude of factors considered by in *Nard* which are not present here.

Appellants also attempt to distinguish *Carbajal*, upon which the Appellees rely. Carbajal sued the City of Dallas for injuries she sustained after driving onto an excavated road. *Carbajal*, 324 S.W.3d at 538. The suit was filed approximately a year afterward. *Id*. It was undisputed that Carbajal did not provide the City with formal written notice and therefore the issue was whether the City had actual . *Id*. The case focused largely on an accident report made by a Dallas police officer who investigated the incident and made a written report. *Id*. The Supreme Court looked to the police officer's report and quoted the following as "the relevant part:"

> Comp[lainant] said that she saw the barricades but none were blocking what she thought was a clear way to get on the freeway. Comp[lainant] said that before she knew it she had driven her veh[icle] into a gap on the street. [I] observed at the listed offense loc[ation] that there were no barricades blocking the gap in the road.
>
> Summarizing the incident, the report states that Carbajal drove her 'veh [icle] into [a] gap in [the] street [that] was not properly blocked.'

*Id*. The court then looked to *Cathey* and reemphasized the importance of subjective awareness, noting they have made clear in prior opinions that "merely investigating an accident is insufficient to provide actual notice." *Carbajal*, 324 S.W.3d at 538-39. The court then provided the following analysis based on the police officer's report:

> Although both parties agree that the road was not properly blocked, the report here did not provide the City with subjective awareness of fault because it did not even imply, let alone expressly state, that the City was at fault. The report only describes what apparently caused the accident (missing barricades). It does not say who failed to erect or maintain the barricades.

*Id.* at 539. The court concluded that the police officer's report "was at most an initial response to the accident," explaining further that "[s]imply put, the police report here is no more than a routine safety investigation, which is insufficient to provide actual notice." *Id.* at 537, 539. It concluded that "the governmental unit, the City of Dallas, lacked actual notice." *Id.*

Appellants attempt to distinguish *Carbajal* by arguing that here, "the County of El Paso is exclusively responsible for the stop sign . . . and knew as much based on the location specified in Deputy Brady's peace officer's report." But Appellants fail to point to any evidence in the record which implies that the County was subjectively aware of its fault regarding the stop sign's condition. Nor does Deputy Brady's accident report imply or expressly state the duties of the County with respect to the stop sign, or that Appellants' injuries were caused as a result of the County's failure with respect to such duties. At most, the report indicates that a stop sign was down, which was a contributing factor to the incident; that property damage in excess of $500 occurred to someone's property (or a combination of property belonging to the people involved); and that Appellants were transported to the hospital by accident. Accordingly, we conclude the evidence here fails to present a jurisdictional fact issue regarding actual notice, and therefore the trial court did not err in granting the County's plea to the jurisdiction. We overrule Issue One and affirm the trial court's judgment.

May 29, 2013

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.
Antcliff, J., not participating

- 11 -