**Reversed and Remanded and Memorandum Opinion filed April 22, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00384-CV

### MELINA ORTIZ-GUEVARA, Appellant

### V.

### CITY OF HOUSTON, Appellee

**On Appeal from the 270th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-28409**

## M E M O R A N D U M   O P I N I O N

A City of Houston employee, Officer Lemant Monroe, rear-ended Melina Ortiz-Guevara's stopped car, causing her car to propel forward and strike another car. Another City of Houston employee, Officer S. Boone, investigated the incident and prepared an accident report. The accident report states that Officer Monroe "failed to control speed striking" Ortiz-Guevara, listing the sole factor or condition contributing to the accident as Officer Monroe's "failure to control

speed." The report also indicates that the driver of the vehicle struck by Ortiz-Guevara said another vehicle in front of them had stopped suddenly.

Ortiz-Guevara testified by deposition that she told both officers that she was injured. In particular, she told Officer Boone "my neck and my back was hurting." But Officer Boone's report indicates she was not injured. The report indicates that Ortiz-Guevara's car and Officer Monroe's van were towed from the accident scene due to disabling damage, and the accident resulted in at least $1,000 of damage to any one person's property.

Ortiz-Guevara did not go to the hospital immediately after the accident, but she eventually sued the City and claimed that she suffered a herniated disc in her cervical region. The City filed a plea to the jurisdiction contending that it lacked notice of Ortiz-Guevara's claim, which is a jurisdictional prerequisite to suit. The trial court granted the City's plea, dismissing the suit. Ortiz-Guevara appealed.

The parties agree that Ortiz-Guevara did not provide the City formal notice of her claim within the 90 days required by the City's charter or the six months required by the Texas Tort Claims Act (TTCA). *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.101(a). However, formal notice is not required if the City had actual notice of (1) the City's fault; (2) Ortiz-Guevara's injury; and (3) the identity of the parties. *See Tex. Dep't of Crim. Justice v. Simons*, 140 S.W.3d 338, 344 (Tex. 2004); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 101.101(c). The parties dispute whether the City had actual notice of (1) the City's fault and (2) Ortiz-Guevara's injury.

We hold Ortiz-Guevara adduced some evidence that the City had actual notice of its fault and Ortiz-Guevara's injury sufficient to overcome the City's plea to the jurisdiction. Accordingly, we reverse the trial court's judgment and remand for further proceedings.

**ACTUAL NOTICE UNDER THE TEXAS TORT CLAIMS ACT**

In her sole issue on appeal, Ortiz-Guevara contends the trial court erred by granting the City's plea to the jurisdiction because Ortiz-Guevara offered evidence raising a fact issue about whether the City received actual notice of her claim. The City responds that the evidence does not raise a fact issue about whether the City had adequate actual notice, namely, (1) subjective awareness of the City's alleged fault; and (2) sufficient knowledge of Ortiz-Guevara's injury. After reviewing the standard of review and applicable law, we address each contention in turn.

## A.      Standard of Review

The parties do not dispute the standard of review. We review a challenge to the trial court's jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). Because the City challenges the existence of jurisdictional facts, we consider relevant evidence when necessary to resolve jurisdictional issues. *See id.* at 227. If the jurisdictional challenge implicates the merits of Ortiz-Guevara's case and the evidence creates a fact question, then the trial court's decision to grant the City's plea to the jurisdiction must be reversed. *See id.* at 227–28; *see also City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009) ("If that evidence creates a fact issue as to the jurisdictional issue, then it is for the fact-finder to decide.").

To survive a plea to the jurisdiction, Ortiz-Guevara must "show that there is a disputed material fact regarding the jurisdictional issue." *Miranda*, 133 S.W.3d at 228. We take as true all evidence favorable to Ortiz-Guevara and indulge every reasonable inference and resolve all doubts in her favor. *Id.* "[T]his standard generally mirrors that of a summary judgment." *Id.*

3

**B.  General Law Regarding Notice**

The TTCA requires that a plaintiff give timely formal notice to a governmental unit that "reasonably describe[s]: (1) the damage or injury claimed; (2) the time and place of the incident; and (3) the incident." Tex. Civ. Prac. & Rem. Code Ann. § 101.101(a). However, this notice provision does "not apply if the governmental unit has actual notice . . . that the claimant has received some injury." *Id.* § 101.101(c).

Actual notice requires that a governmental unit have knowledge of "(1) a death, injury, or property damage; (2) the governmental unit's alleged fault producing or contributing to the death, injury, or property damage; and (3) the identity of the parties." *Tex. Dep't of Crim. Justice v. Simons*, 140 S.W.3d 338, 344 (Tex. 2004) (quotation omitted). Actual notice is a fact question when the evidence is disputed but may be determined as a matter of law when the pertinent facts are undisputed. *Univ. of Tex. Sw. Med. Ctr. at Dallas v. Estate of Arancibia*, 324 S.W.3d 544, 549 (Tex. 2010); *Simons*, 140 S.W.3d at 348.

This appeal concerns the first two elements of actual notice.

**C.  Knowledge of the Alleged Fault**

Actual notice of the alleged fault requires the governmental unit's "subjective awareness of its fault, as ultimately alleged by the claimant, in producing or contributing to the claimed injury." *Simons*, 140 S.W.3d at 347. "It is not enough that a governmental unit should have investigated an incident as a prudent person would have, or that it did investigate, perhaps as part of routine safety procedures, or that it should have known from the investigation it conducted that it might have been at fault." *Id.* at 347–48. Subjective awareness of fault ensures that the governmental unit will have "the same incentive to gather

4

information that the statute is designed to provide." *Id.* at 348. Subjective awareness may be proved by circumstantial evidence. *Id.*

The City contends that we must affirm because a "police report is no more than a routine safety investigation and is insufficient to provide actual notice of a claim," citing *City of Dallas v. Carbajal*, 324 S.W.3d 537 (Tex. 2010). In that case, the plaintiff sustained injuries after driving her vehicle onto an excavated road. *Id.* at 538. A police officer investigated the accident and filed a written report describing the accident, explaining that there were no barricades blocking the road and that the gap in the road "was not properly blocked." *Id.* The Texas Supreme Court held in *Carbajal* that "the police report here is no more than a routine safety investigation, which is insufficient to provide actual notice." *Id.* at 539.

The City misconstrues *Carbajal*. The court did not establish a bright-line rule stating that a routine safety investigation will never provide a governmental unit with actual notice of its fault. The court held that the evidence was lacking in that case because the police report "did not even imply, let alone expressly state, that the City was at fault. . . It does not say who failed to erect or maintain the barricades." *Id.* at 539. The court declined to speculate "whether the City would have had actual notice if the report had expressly stated that the City was at fault." *Id.* at 539 n.1. The court, therefore, focused not on the purpose of the investigation (routine safety), but rather on what facts the investigation revealed to the governmental unit. Thus, the fact that Officer Boone may have prepared his report as part of a "routine safety investigation" is not dispositive.

Here, the report indicates that Officer Monroe "failed to control speed." The report lists the sole factor or condition contributing to the accident as Officer Monroe's "failure to control speed." Thus, the report does even more than imply

5

Officer Monroe's fault—it expressly assigns fault to him. Further, unlike the City's possible involvement in not erecting a barricade, Officer Monroe was an active participant in producing or contributing to Ortiz-Guevara's injury. *See Arancibia*, 324 S.W.3d at 550 (suggesting that actual notice of fault is established "when the sole instrumentality of harm is the government itself"). Thus, *Carbajal* does not control the disposition of this case.[1]

The City suggests there is evidence that "Officer Monroe could not avoid colliding with the car in front of him"; and "the police report here does not give the City subjective awareness of its fault because the notations on the report indicate that the lead car's sudden stop played a role in the accident and caused Officer Monroe to bump into Ortiz-Guevara's car." The City quotes from *Benavente v. Granger*, 312 S.W.3d 745 (Tex. App.—Houston [1st Dist.] 2009, no pet.): "Under common law, the mere occurrence of a rear-end collision does not establish negligence as a matter of law." *Id.* at 749.

However, the City appears to confuse "fault" with complete and exclusive liability. The Texas Supreme Court clarified that "[f]ault, as it pertains to actual notice, is not synonymous with liability; rather, it implies responsibility for the injury claimed." *Arancibia*, 324 S.W.3d at 550. Thus, although the City might believe its employee was not negligent, that belief does not preclude the City's

---

[1] The City relies on several post-*Carbajal* decisions from the El Paso Court of Appeals, but those cases similarly relied on the fact that the police investigations did not identify the governmental units or their employees as producing or contributing to the plaintiffs' injuries. *See Rojas v. Cnty. of El Paso*, 408 S.W.3d 535, 541 (Tex. App.—El Paso 2013, no pet.) (investigating officer's report noted that a motor vehicle accident resulted because a stop sign had been knocked down, but there was no evidence that the County knew of the sign's condition before the accident, and the report did not state that the County had any duties regarding the stop sign or that the plaintiffs' injuries resulted from the County's failures regarding such duties); *City of El Paso v. Hernandez*, 342 S.W.3d 154, 160 (Tex. App.—El Paso 2011, no pet.) (mere fact that police officers investigated an accident, where a car struck a pedestrian at a school crosswalk when the school zone lights were not active, did not give City notice that it was at fault).

actual knowledge of its fault. *See id.* at 549–50 (actual notice established despite the governmental unit's internal investigation revealing no breach of the standard of care). No court has held that fault must be exclusively the governmental unit's. Rather, the plaintiff must present some evidence of the City's knowledge that it produced or ***contributed*** to the injury. *See, e.g.*, *Simons*, 140 S.W.3d at 347.

The City overstates Ortiz-Guevara's burden. She need not prove the City had knowledge of its fault as a matter of law because this case involved a rear-end collision. She must only raise a fact issue to avoid having her suit dismissed. "A question of fact as to the existence of negligence is usually presented when one motor vehicle overtakes and strikes one in front of it going in the same direction." *Hardberger v. O'Dell*, 544 S.W.2d 522, 524 (Tex. Civ. App.—Austin 1976, no writ); *accord Renshaw v. Countess*, 289 S.W.2d 621, 624 (Tex. Civ. App.—Fort Worth 1956, no writ); *see also Granger*, 312 S.W.3d at 749 ("With regard to rear-end collisions, standards of ordinary care cannot be fixed with any degree of certainty but must be left in large measure to the trier of the facts." (quotation omitted)); *Pac. Fin. Corp. v. Rucker*, 392 S.W.2d 554, 558 (Tex. Civ. App.—Houston 1965, no writ) ("Whether an automobile being struck from the rear raises an issue of negligence or establishes it as a matter of law depends on all the facts and circumstances of the particular case."). Here, it is undisputed the City knew its employee rear-ended Ortiz-Guevara.

Further, Ortiz-Guevara does not rely on the mere occurrence of a rear-end collision as proof of the City's knowledge of its fault. She notes that Officer Boone assigned fault to Officer Monroe in the police report. In a prior case, this court held there was a fact issue about actual notice when a police officer rear-ended a stationary bus, even though the investigating officer concluded that the police officer was not at fault. *See City of Houston v. Daniels*, 66 S.W.3d 420

7

(Tex. App.—Houston [14th Dist.] 2001, no pet.). The police officer was driving sixty miles per hour where the speed limit was thirty-five miles per hour, and a van pulled out of a parking lot in front of the officer. *Id.* at 424. The officer swerved to avoid hitting the van but nonetheless rear-ended a stationary bus, inside which the plaintiff was passenger. *Id.* at 423–24. Although the investigating officer opined in his report that the accident was caused exclusively by the driver of the van, this court held that the plaintiff presented a fact issue about actual notice because the police officer was speeding at the time he struck the bus. *Id.* at 424. Unlike in *Daniels*, the police report here specifically assigns at least some of the fault to Officer Monroe: a factor or condition contributing to the accident was Officer Monroe's "failure to control speed." Thus, Ortiz-Guevara presented even more evidence of the City's knowledge of its fault than the plaintiff did in *Daniels*.

Accordingly, Ortiz-Guevara presented a fact issue on the issue of the City's subjective awareness of its fault in producing or contributing to her claimed injury.

## D. Knowledge of Injury

The City contends that "Ortiz-Guevara failed to 'reasonably describe[e]' her injuries in order to place the City on notice that she was injured," citing this court's approval of a jury instruction requiring the plaintiff to prove that the governmental unit received information "reasonably describing" the injury. *See Kamani v. Port of Houston Auth.*, 725 S.W.2d 336, 339 (Tex. App.—Houston [14th Dist.] 1987, no writ) (citing *Collier v. City of Tex. City*, 598 S.W.2d 356, 358 (Tex. Civ. App.— Houston [14th Dist.] 1980, no writ)). The City notes that Ortiz-Guevara did not immediately go to a hospital and was not bleeding or manifesting outward indications of physical distress. The City contends that her reports of "shaking" and feeling "tight" after the accident were vague and indefinite, and the City notes

that Officer Boone indicated on the accident report that Ortiz-Guevara was not injured.

However, the City ignores Ortiz-Guevara's deposition testimony that she informed Officer Boone "my neck and my back was hurting." Although this evidence conflicts with Officer Boone's report, we must take as true all evidence favorable to Ortiz-Guevara and resolve all doubts in her favor. *See Miranda*, 133 S.W.3d at 228.

As to whether Ortiz-Guevera's testimony raises a fact issue, we explained in *Collier*, "We do not interpret the notice provision as requiring a claimant to describe in full medical detail the nature and extent of his injury." 598 S.W.2d at 358. We conclude that the City's knowledge of Ortiz-Guevara's back and neck pain following a rear-end collision would have provided the City "the same incentive to gather information that the statute is designed to provide." *Simons*, 140 S.W.3d at 347. Thus, the purpose of the actual notice provision was satisfied by Ortiz-Guevara's complaint of neck and back pain to the accident investigator. *See Richardson v. Allen*, 1997 WL 242812, at *3 (Tex. App.—Dallas May 13, 1997, no writ) (not designated for publication) (holding there was a fact issue on actual notice when the plaintiff informed the governmental employee at the scene of a car accident that "she did not feel good and that her head hurt" and later informed another employee that she sustained personal injuries but did not know the full extent of her injuries) (citing *Collier*, 598 S.W.2d at 358); *see also City of Wichita Falls v. Jenkins*, 307 S.W.3d 854, 860 (Tex. App.—Fort Worth 2010, pet. denied) (holding that the plaintiffs' formal notice to the City after a rear-end collision with a police officer was sufficient when it alleged only "personal injuries and other damages" without further specificity; also holding that the City had sufficient actual notice of a claim because the accident report indicated there was

9

over $1,000 worth of vehicle damage, even though the plaintiffs did not appear to be injured and drove away from the accident).

Ortiz-Guevara raised a fact issue about whether the City had actual subjective awareness of her injury, and we sustain her sole issue on appeal.

### CONCLUSION

Having sustained Ortiz-Guevara's sole issue, we reverse the trial court's judgment and remand for proceedings consistent with this opinion.


/s/    Sharon McCally
        Justice

Panel consists of Justices McCally, Busby, and Donovan.